IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2007 JUL 27 A 10: 37

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

ZEPHYRINUS EGBUONU

Plaintiff

-against-

KILBY CORRECTIONAL FACILITY;
KITCHEN STEWARD, WILLIAM; KITCHEN
STEWARD, VANCE; LIEUTENANT CASH;
SUED IN THEIR INDIVIDUAL CAPACITIES,
KITCHEN CHIEF STEWARD, WARREN;
CAPTAIN, BARRETT; DEPUTY WARDEN,
ROWELL; WARDEN, CAMPBELL; AND
ALABAMA DEPARTMENT OF CORRECTIONS,
SUED IN THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES.

Defendants.

Civil Number 2:07cv685-ID

Jury Trial Demanded

Plaintiff reserves the right
to Amend complaint and
damages.

## CIVIL COMPLAINT

This is a civil complaint under **42 U. S. C. § 1983**, against the above named defendants. Plaintiff is alleging that defendants failed to correct unsafe occupational areas, failed to provide a safety gears and failed to train their staffs on how to conduct their duties and to protect prisoners constitutional rights.

**JURISDICTION**

1. Jurisdiction is conferred pursuant to **28 U. S. C. § 1331, 1343(a)(3) and 1367.** In addition, the damages exceeds $75,000.00.

**VENUE**

2. The Middle District of Alabama is an appropriate venue under **28 U. S. C. § 1391(b)(2)** because a substantial part of the events or missions giving rise to the claims occurred in this district.

**PARTIES**

3. Kilby Correctinal Facility (KCF) is a state facility of confinement for convicted criminal especially felons. KCF is located at 12201 Wares Ferry Road, Montgomery, Alabama 36117. He is sued in his individual and official capacities.

4. Alabama Department of Correction (ADOC) is a governmental agency that manage and administer jurisdiction's prison and state correctional facility including KCF. ADOC is located at 301 South Ripley Street, Montgomery, Alabama 36104.

5. Plaintiff was incarcerated at KCF during the events described below in this complaint.

6. Defendant William is a Correctional Kitchen Steward employed at KCF inmates general population and is in charge of inmates' kitchen operations. He is sued in his individual capacity.

7. Defendant Vance is a Correctional Kitchen Steward Supervisor and act as Chief Steward in the absence of the Chief Steward, employed by KCF inmates general population and is in charge and responsible for ordering kitchen supplies, supervision of other kitchen stewards, material safety data and maintaining of inmates safety in the kitchen, and operation of the kitchen. He is sued in his individual capacity.

8. Defendant Warren is a chief Kitchen Steward at the KCF inmates general population kitchen, employed by KCF, and is responsible for kitchen administrative review, supervision of all kitchen stewards and operation of kitchen, kitchen sanitation, inmates safety review and complaint, and

2

providing training to his kitchen stewards and inmates workers. He is sued his individual and official capacites.

9. Defendant Cash is the Correctional Lieutenant at KCF, employed by KCF, and is in charge of the kitchen at KCF, at the time of the event and is responsible for maintaining inmates safety, conduct hearings of kitchen workers accused of not performing their kitchen prisoners work assignments and supervision of kitchen operation. He is sued in his individual capacity.

10. Defendant Barrett is the Correctional Captain at KCF, employed at KCF, is responsible for administration, security and inmates safety, and also in charge of inmates job assignments, law library, inmates complaints, mail contents, complaints, safety and supervision of inmates general population. He is sued in his individual and official capacities.

11. Defendant Rowell is the Correctional Deputy Warden and act as Warden in the absence of the Warden, employed by KCF, is responsible for administration, security, condition and operations at KCF and is in charge of the supervision of daily operations, policy maker, discipline of all correctional staffs, maintaining inmates safety and provides training to his correctional staffs. He is sued in his individual and official capacities.

12. Defendant Campbell is the Warden at KCF, employed at KCF, and is responsible for condition and operation at KCF, reviewing all administratives and inmates unsolved complaints, final policy-maker, maintain inmates' safety at all levels, and provides training to his correctional staffs. He is sued in his individual and official capacities.

13. At the times relevant to the events described herein, all defendants have acted under color of state laws, and continue to act under color of state law.

**FACTS**

14. Plaintiff enterd the KCF in September 2005, housed in permanent party unit in October 2005 through the times of this event. KCF holds over about 1000 inmates. Plaintiff has no previous lawsuits in state or federal court at this time.

15. From October 2005, through the time Plaintiff was housed in permanent party unit, inmates workers in the KCF inmates general popupation kitchen, have been exposed to unsafe occupation areas and denial of kitchen safety gears irrespective of their complaints.

16. In October 2005, Plaintiff was called for a job board interview. Defendant Barrett at the job board interview assigned Plaintiff to the KCF inmates general population kitchen job, to deal with how to cook, clean pots and pans.

17. After Plaintiff left the job board interview room, Paintiff sent an Inmate Request Slip (IRS) to Ms. Atchnison, Classification Supervisor, requested for job assignment change. Plaintiff's request was denied.

18. Upon information and belief, Plaintiff sent another IRS request to Ms. Atchnison, defendants Barrett and Rowell respectively, requesting work assignment change. Plaintiff received no response from defendants.

19. Defendant William assigned Plaintiff to work second shift irrespective to Paintiff's request for first shift so that he can have access to institution law library after work.

20. Plaintiff sent an IRS request to defendant Warren, requesting work shift assignment to be changed from second to first shift so that Plaintiff can have access to institution law library opening hours. Plaintiff's request was granted.

21. Upon Plaintt's request defendant Warren promised Plaintiff that he would receive kitchen sanitation and safety orientation training at work but it was

never given.

22. Plaintiff was first assigned to kitchen line server and was later changed to wash the kitchen dirty hot grease pots and pans.

23. Plaintiff's work assignment required him to wash the kitchen first shift dirty hot grease pots and pans with issued "highly concentrated commercial and industrial detergent substances."

24. Plaintiff's kitchen work assignment also required him to wash the kitchen first shift dirty hot grease pots and pans according to the Alabama Department of Public Health Environment Administration (ADPHEA) set standard temperature requirement.

25. Plaintiff's immediate supervisors at the kitchen work assignment were defendants William, Vance and Warren.

26. Plaintiff was never informed of the content of the issued highly concentration industrial detergent substances which Plaintiff's hand and arm were in contact with.

27. Plaintiff was never provided kitchen washing gloves to protect his hands and fingers from the concentrated detergent substances.

28. Plaintiff observed that his fingers began to wear off from the chemical he was using to wash the dishes and was concern of his safety.

29. Upon Plaintiff's request for the content of the detergent substances, Plaintiff was told by defendants William and Vance that it was just a detergent substances given by ADOC to use and wash with.

30. Plaintiff requested from defendants William, Vance and Warren to provide him with a kitchen hand dish washing gloves (safety gears). But it was not given to him.

31. On December 20th, 2005, Plaintiff sent IRS request to Warren and requested kitchen safety shoe because his safety shoe was torn and had caused a foot callous on him which imposed excruciating pains against plaintiff. No response

5

was received.

32. Upon Plaintiff showing defendant Warren the foot callous on his foot, defendant Warren ordered Plaintiff to go see facility medical staff nurse to trim the foot callous and promised him a shoe change. Plaintiff's safety shoe was later changed by the same shoe type by the facility laundry officer.

33. On December 22nd, 2005 Plaintiff sent an IRS request to defendant Barrett and requested kitchen safety shoe to eliminate his existing foot callous and pains. Plaintiff did not receive a response back from defendant Barrett.

34. Plaintiff's kitchen work shoe was unrated hot-water resistant shoe.

35. Plaintiff sent another IRS request to defendants Barrett, Rowell and Warden requested for different kitchen work shoe suitable for hot water resistant. Defendants did not respond.

36. On January 17th, 2006, Plaintiff complained to defendant Willam about being exposed to hot water burn, and commercial industrial detergent substances without being protected. Defendant William did nothing.

37. Plaintiff made another complaint to defendants William, Vance and Warren with cuts on his hand and finger, which were caused by the pots and pans, and substances, because he does not have gloves and safety gears. Defendant did nothing.

38. Plaintiff again requested defendants William and Vance to provide him with hand dish washing gloves. Defendants William and Vance provided Plaintiff with hospital latex gloves. Plaintiff request's for hand dish washing gloves were denied.

39. Plaintiff sent other complaint to defendants William, Vance and Warren to provide him with proper hand dish washing gloves and hot-water resistant shoes. Plaintiff received no response from defendants.

40. On April 6th, 2006, Plaintiff sent IRS request to defendants William and Vance requesting hand dish washing gloves to decrease hot water excruciate

tenure on Plaintiff's fingers and hands. Plainttiff showed defendants William and Vance his hinds and fingers. Defendants did nothing.

41. On May 11th, 2006, Plaintiff experienced a cut on his finger from the effect of the issued commercial industrial detergent substances. Plaintiff showed the cut to defendant William and requested for hand dish washing gloves. Defendant William told Plaintiff to "stop complaining and go back to where he came from or his country."

42. On May 16th, 2006, Plaintiff received a response of his IRS dated May 2nd, 2006, which stated "talk to the steward." This response was written by defendant Barrett.

43. Plaintiff talked to defendant William as indicated on the IRS response. Defendant William told Plaintiff to talk to his supervisor; defendant Vance, mean while ordered Plaintiff to continue to perform his kitchen work assignment in the absence of safe occupation area and safety gears.

44. Plaintiff talked to defendant Vance with a copy of defendant Barrett IRS response. Defendant Vance told Plaintiff that the kitchen has no funds to buy and provide inmates kitchen workers with safety gears; non-water resistant shoe, nor hand dish washing gloves and ADOC are on budget cut now. Defendant Vance advised Plaintiff to try his best using hospital latex gloves and to complain to the Warden and Deputy Warden. Defendant Vance ordered Plaintiff to continue to perform his kitchen work assignment in the absence of safe occupation area and safety gears to aviod being locked up in segregation "isolated" cells.

45. Plaintiff sent another IRS request to defendants Barret, Rowell and the Warden of KCF respectively requesting hand dish washing gloves to protect Plaintiff from hot water and commercial detergent substances. Plaintiff received no response from defendants Rowell, Barrett and the Warden.

46. On May 18th, 2006, Plaintiff arrived at the kitchen dish washing area.

7

Plaintiff noticed the area ceiling fan was unplugged. Plaintiff climbed plugged the ceiling fan to help cool down temperature and heat from the hot water and dirty hot grease pots and pans in absence of the safety gears.

47. Plaintiff was not aware that the ceiling fan was broken, moreover no broken warning label was so ever attached to the broken ceiling fan for inmates safety by the defendant William.

48. Defendant William saw Plaintiff plugged the broken ceiling fan and called Plaintiff a "knucklehead" in the presence of other inmates workers. Defendant William informed Plaintiff to unplugged the broken ceiling fan, as the Plaintiff climbing to unplugged the fan, defendant William continued calling Plaintiff a "knucklehead". Upon Plaintiff's request that defendant William retrieved from labelling him a "knucklehead", defendant William ignored his request and called for correctional officer backup.

49. Plaintiff was summoned to the kitchen office by the backup kitchen correctional officer; Defendant Cash, and Defendant William.

50. Defendant William made an oral incident report to Defendant Cash in the presence of Plaintiff, at end of defendant William's incident report. Defendant Cash called Plaintiff a "Knucklehead" several times and told Plaintiff not to speak a word or otherwise face disciplinary actions.

51. Plaintiff was denied access to present his own version of the incident by defendant Cash.

52. Defendant William and Cash ordered (knucklehead) Plaintiff, to perform his assignment under the excessive dish washing area temperature in absence of working ceiling fan, hot-water resistant shoes and dish washing gloves.

53. Defendant Cash coerced and threatened Plaintiff that if he failed to perform his work assignment irrespective of the safety gears, he would write-him up for failure to obey correctional officer direct order, the write-up would be placed in Plaintiff's record to be used by parole officer and

8

Plaintiff would face a lock-up in the segregation isolated cells.

54. In the past, Defendant Cash have repeatedly engaged in coerced, threatened, excessive force against inmates.

55. Defendant William has been placed on notice of the abusive conduct of words or statements made against inmates by the Kitchen Steward Supervisors.

56. On June 1st, 2006, as Plaintiff was performing his work assignment at the kitchen, dish washing hot-water fell on PLaintiff's shoe, penetrated into his shoe to his foot and toe, the shoe given to him failed to block the penetration of the hot-water into his shoe.

57. Plaintiff immediately reported the incident to the KCF inmates general population kitchen steward, Ms Arbor, who notified the lieutenant office for assistance.

58. Ms. Arbor advised and ordered Plaintiff to see facility medical nurse.

59. Plaintiff was stopped by defendant Cash on his way to see the facility medical nurse, for an explanation of what happened.

60. On June 6, 2006 another inmate was injured when performing his hand washing of kitchen dirty hot grease pots and pans.

61. On July 30th, 2006, Plaintiff Plaintiff sent another IRS request to defendants Rowell, Barrett, and the Warden respectively requesting hand dish washing gloves to decrease hot-water excruicate tenure on his hand and hot-water resistant ahoe. Plaintiff received no response from the defendants.

62. AS a result of defendants actions and failed to intervene as described above, Plaintiff has suffered severe pain, injury, permanent discoloration of back hand and finger. Plaintiff continue to suffer from the exposure discoloration and psychological effects.

63. On August 1st, 2006, Plaintiff was transferred from KCF to Staton correctional facility located at Elmore, Alabama.

64. Defendant ADOC, KCF, Campbell, Rowell, Barrett, and Warren have failed to

9

implement adequate inmates safety policies at KCF inmates general population kitchen, as a result inmates workers have been continuously exposed to unsafe occupation areas in absence of safety gears.

65. Plaintiff has exhausted all available administrative remedies regarding the matters described in this complaint. Plaintiff complaints and recomplaints were not respond by the Warden/Deputy Warden of Kilby Correctional Facility. Plaintiff was also transferred to Staton Correctional Facility from Kilby Correctional Facility (KCF) on August 1st, 2006.

**CAUSE OF ACTION**

66. Defendants Barrett, Warren, Vance and William assigned Plaintiff to perform the unsafety work at KCF inmates general population kitchen as part of prisoner' work in absence of safety gears and safe occupational areas. The actions of defendants constituted cruel and unusual punishment in violation of the Eighth Amendment rights to the constitution of the United States of America.

67. Defendants Campbell, Rowell, Barrett, Warren, Vance and William were repeatedly notified and alerted by Plaintiff about unsafety practice of inmates exposure to highly concentrated commercially industrial detergent substances without informing inmates its consequences and without providing them adequate gears. Defendants failed to correct the unsafety practice, they ordered inmates including Plaintiff to continue to work under the existing unsafety conditions. The defendants actions constituted cruel and unusual punishment in violation of the Eighth Amendment rights to the constitution of the United States of America.

68. The actions of defendants caused Plaintiff to suffer several foot, toe, hand, fingers, arm burns; hand, fingers and arm cuts; hand and arm skin hardening, irritation and severe itching; pains; and permanent discoloration of hand and fingers.

69. Defendants' failure to take actions to curb the know pattern of exposing inmates to unsafe occupation areas in absence of kitchen safety work gears constituted deliberate indifference and negligence, and caused violation of the Eighth Amendments rights of free from cruel and unusual punishment.

70. Plaintiff having notified and clearly established a safety hazard in the KCF inmates general population occupational areas, the dangerousness of which is exacerbated when defendants ordered Plaintiff to continue working with those conditions after Plaintiff raised several concerns constituted deliberate indifference and denied the Plaintiff of his Eighth Amendments rights to the Constitution of the United United States of America.

71. Defendants were aware of the actual knowledge of a potential danger in the KCF inmates general population kitchen, would or should have understood that compelling Plaintiff to continue performing hand washing pots and pans under a high temperature and with highly commercial industrial detergent substances in absence of kitchen safety gears; hot water resistant shoe and kitchen hand dish washing gloves was not safe, constituted malicious and sadistic intent, deliberate indifference, negligence in violation of tort of negligence and caused cruel and unusual punishment in violation of the Eighth Amendment rights to the constitution of the United States of America.

72. Defendants were also aware of the actual knowledge of Occupational Health and Safety Act (OSHA) standard for kitchen and Hazard Communication "Right to Know" and failed to abide and protect from exposing inmates to unsafe occupational areas in absence of the kitchen safety work gears constituted deliberate indifference and further caused violation of federal rights under **29 C. F. R. § 1910.132 (a), 29 C. F. R. 1200, 29 C. F. R. 1926.28 (a) and 29 U. S. C. 651 et. seq. 654.**

73. The Actions of defendants Cash and William respectively called labelled Plaintiff as a "knucklehead" which later were used by inmates to address

11

Plaintiff and defendants failed to retrieved and correct the alias know as "knucklehead" imposed on Plaintiff constituted the tort of defamation under the law of the State and Federal.

74. The failure of ADOC and KCF to provide adequate funds to provide safety gears and failure to train its correctional staffs to protect inmates like Plaintiff in their work environment caused Plaintiff to be injured and to suffer permanent injury, and contibuted to the violation of the Eighth Amendment rights to the United States Constitution.

75. The conducts of defendants ADOC, KCF, Campbell, Rowell, Barrett, Warren, Vance, William and Cash was not reasonable in the light of the precedent United States Supreme Court decision that existed at the time of the alleged violation.

76. The action of defendants Cash coercing and threatening Plaintiff to perform his job in unsafety environment with disregard to Plaintiff's concern of his life, health in absence of safety occupational areas of face disciplinary actions constituted malicious conduct and violated the Plaintiff's due process and equal protection.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays that this Court:

A. Declare that the acts and ommission described herein violated Plaintiff's rights under the constitution and laws of the United States.

B. Enter an injunction ordering defendants Alabama Department of Corrections (ADOC), Kilby Correctional Facility (KCF), Campbell, Rowell, Barrett, and Warren, their successors, agents, employees, and all persons acting in concert with them; to protect inmates being expose to unsafe gears and proper kitchen temperature; adequate provide kitchen workers including pots and pans inmates hand washer with gloves and hot-water resistant shoes; properly train correctional staff to supervise and protect the safety of inmates; provide

kitchen inmates workers in the second shift with access to facility law library opening hours; respond immediately to unsafety occupational areas and gears; and implement adequate kitchen control policies.

C. Enter an injunction ordering defendants Alabama Department of Corrections (ADOC) and Kilby Correctional Facility (KCF) to post sign informing inmates that they have "the right to know by law they are entitled to request information on any hazard and or toxic substances which they work with which they likely to come in contact."

D. Award Nominal damages in the following amounts:

$100.00 each hour for the time Plaintiff was washing the kitchen pots and pans without safety gears.

E. Award Compensatory damages in the following amounts:

1. $50,000.00 jointly and severally against defendants Campbell, Rowell, Barret, Warren, Vance, William and Cash for the physical, emotional pain, emotional distress, frustration, anxiety, injury, phychological effects, substained as a result of the prisoner's work performed in absence of the safety gears.

2. $250,000.00 jointly and severally against defendants Campbell, Rowell, Barrett, Warren, Vance and William for the permanent discoloration of Plaintiff's hand and fingers as a result of failure to take actions to curb the know pattern of exposing inmates to unsafe occupation areas.

3. $50,000.00 jointly and severally against defendants Campbell, Rowell, Barrett, Warren, Vance, William and Cash for cruel and unusual punishment, resulting for their denial of safety gears requests made.

4. $50,000.00 jointly and severally against defendants Cash and William for the punishment and emotional pain and suffering, injury resulting from their coercing, threatening and denial of due process in connection

13

defamatory statements made at the events.

5. $800,000.00 jointly and severally against defendants Alabama Department of Corrections and Kilby Correctional Facility for the physical, emotional distress, emotional pain, anxiety, frustration, injury, permanent discoloration of hand and fingers resulting from their failure to adequately fund the kitchen, and train its staffs about inmates' occupation's safety gears and hazard communication.

F. Award consequential damages in the following amount:

1. $500,000.00 jointly and severally against defendants Alabama Department of Corrections, Kilby Correctional Facility, Campbell, Rowell, Barrett, Warren, Vance, and William for Permanent discoloration of hand and fingers and loses resulting from their direct and indirect acts.

G. Award comestic damages in the following amount:

$800,000.00 jointly and severally against defendants for and to compensate for personal disfigurement of hand and fingers.

H. Awards discretionary damages in tha following amount:

$500,000.00 jointly and severally against defendants for damages that are not precisely measurable but are determined by the subjective judgement of a jury.

I. Award Nonpecuniary damages against defendants for their direct and indirect acts.

J. Award Punitive damages in the following amounts:

1. $100,000.00 each against defendants Warren and Vance.
2. $150,000.00 each against defendants Rowell and Barrett.
3. $150,000.00 against defendant William
4. $100,000.00 against defendant Cash and Campbell.
5. $650,000.00 against defendant Kilby Correctional Facility.

  6. $850,000.00 against defendant Alabama Department of Corrections.

K. Award Attorney fees and interest based upon the length of time the suit is finally resolved.

L. Order such additional relief as this court may deem just and proper.

Respectfully submitted, this 24th, day of July 2007.

              *Egbuonu Zephyr*
              Zephyrinus Egbuonu
              # 27041265
              Federal Detention Center
              P. O. Box 5010
              Oakdale, LOuisiana 71463

I declare under penalty of perjury that the forgoing is true and correct.

Executed on 24th, day of July, 2007.

              *Egbuonu Zephyr*
              Zephyrinus Egbuonu

## CERTIFICATE OF SERVICE

I certify that I have served a true and correct copy of Civil Camplaint against Kilby Correctional Facility, Kitchen Steward William, Kitchen Steward Vance, Lieutenant Cash, Kitchen Chief Steward Warren, Captain Barrett, Deputy Warden Rowell, Warden Campbell, and Alabama Department of Corrections, via United States Postal Service, postage prepaid, properly affixed and addressed to :

Office of the Clerk
Civil Division
United States District Courts
Middle District Alabama
Montgomery, Alabama 36104            USPS Certified No. 7006 2760 0001 0414 0017


Respectfully submitted, this 24th , day of July, 2007.

*Egbuonu Zephyr*
Zephyrinus Egbuonu

ZEPHYRINUS EGBUONU
# 27041-265
FEDERAL DETENTION CENTER
P. O. BOX 5010
OAKDALE, LOUISIANA 71463

7006 2760 0001 0414 0017



OFFICE OF THE CLERK
CIVIL DIVISION
UNITED STATES DISTRICT COURTS
MIDDLE DISTRICT OF ALABAMA
15 LEE STREET
MONTGOMERY, ALABAMA 36104





U.S. PA
OAKDAL
JUL 24
AMOU
$0
0005¢



UNITED STATES POSTAL SERVICE
0000
36104

Legal mail