IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2007 OCT -9 A 10: 09
DEBRA P. HACKETT, C
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

ZEPHYRINUS EGBUONU

    Plaintiff

-against-

KILBY CORRECTIONAL FACILITY;
KITCHEN STEWARD, WILLIAM; KITCHEN
STEWARD, VANCE; LIEUTENANT CASH;
SUED IN THEIR INDIVIDUAL CAPACITIES,
KITCHEN CHIEF STEWARD, WARREN;
CAPTAIN, BARRETT; DEPUTY WARDEN,
ROWELL; WARDEN, CAMPBELL; AND
ALABAMA DEPARTMENT OF CORRECTIONS,
SUED IN THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES.

    Defendants.

Civil Number 2:07-CV-685-ID

Jury Trial Demanded

## PLAINTIFF'S MOTION FOR RECONSIDERATION
## OF THE COURT ORDER OF SEPTEMBER 21ST, 2007

**Comes Now** Plaintiff, asserts that United States Supreme court holds that Pro-se litigants are to be given leeway in the drafting of their motion pleading than held to stringent standards required of trained Counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972), and in Cruz V. Beto, 405 U.S. 319 (1972), the Courts have been cautioned to give plenary consideration to pleading of Pro-se

litigants to allow for the development of a potentially meritorious claim.

Thus, when an in forma pauperis plaintiff raises a cognizable claim, his complaint may not be dismissed sua sponte for frivolousness under § 1915(e)(2)(B)(i) even if the complaint fails to flesh out all the required detail. The Court exercises caution in dismissing a case under section 1915(e) because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 329, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Dismissal of the complaint under 28 U.S.C. 1915(e)(2)(B)(ii), is only appropriate if "it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (quoting Conley v. Gibson, 335 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957).

Plaintiff, Zephyrinus Egbuonu, an Immigration Civil Detainee at Oakdale Louisiana, Pro-se hereby object to the Court Recommendation, and moves this Honorable Court to reconsider its Court Order of September 21st, 2007 dismissing Plaintiff's filed Civil Complaint against the Alabama Department of Corrections and Kilby Correction Facility with prejudice prior to Service of Process under 28 U.S.C. § 1915(e)(2)(B)(i). In support of this motion, Plaintiff submits as follows:

As a threshold matter, the Alabama Department of Corrections ("ADOC") and Kilby Correction Facility ("KCF") are States' agencies. Plaintiff's filed Civil Complaint alleged facts that Plaintiff has been deprived of a Constitutionally and Federally pro-

tected right. Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 102 S. Ct. 2744, 73 L Ed 2d 482 (1982).

In certain situations, a State or its agencies failure to train it officers may constitute a "policy" upon which government liability may rest. City of Canton v. Harris, 489 U.S. 378, 103 L Ed 2d 412, 109 S. Ct. 1197 (1989). Such liability may be imposed for a Single decision by policy makers under certain conditions. Pembaur v. City of Cincinnati, 475 U.S. 469, 480, 89 L. Ed. 2d 452 106 S. Ct. 1292 (1986). Liability may be imposed for the existence of an improper or inadequate policy or from the absence of a policy.

Plaintiff assert if the Defendants ADOC and KCF policies and regulations are in place and enforced, the Defendants ADOC and KCF policies and regulations would not allow their Staffs to subject Plaintiff to work on a unsafe occupational area in absence of a Safety gears on th basis of the policy consideration. Notwithstanding, the Defendants ADOC and KCF knowingly that its Staffs did not comply with Safety Standard in its Kitchen on a daily basis. Plaintiff further asserts that the ADOC and KCF are liable as alleged on the Plaintiff's filed Civil Complaint. The Defendant ADOC and KCF failed to provide adequate funds to provide Safety gears and failed to train its Correctional Facility Staffs to protect inmates like Plaintiff in their work environment caused Plaintiff to be injured, suffered and contributed to the violation of the Plaintiff's rights is sufficient to survive dismissal on grounds of Frivolousness against the Defendant ADOC and KCF, and that this Honorable Court shall reconsider its Recommendation

and allow Plaintiff's Civil Complaint against the Defendants ADOC and KCF to continue, and Plaintiff has a realistic chance of success in presenting arguably sound basis in fact and law upon discovery that warrant relief. Plaintiff atates that on the basis of materials obtain in discovery would establish that the Defendants ADOC and KCF parts played in this Plaintiff's Civil Complaint against them.

Plaintiff contends that his filed Civil Complaints against the Defendants ADOC and KCF for relief against violation of his constitutional rights and interest should be allowed to continue. Plaintiff submits that the Defendants ADOC and KCF acts are an on-going violation of Plaintiff rights under the Federal law and Constitution as a result of the Defendants ineffectiveness action. Verizon Maryland v. Public Serv. Comm'n, 535 U.S. 635, 152 L. Ed 2d 871, 122 S. Ct. 1753 (2002). Plaintiff alleges and submits that the Defendants ADOC and KCF policies and Customs were a moving force behind the violation Plaintiff suffered. See Plaintiff's filed Civil Complaints. City of Canton v. Harris, 489 U.S. 378, 388, 103 L Ed 2d 412, 109 S. Ct. 1197 (1989), Polk County v. Dodson, 454 U.S. 312, 326, 70 LEd 2d 509, 102 S. Ct. 445 (1981).

Plaintiff objects and contends that the decision of the Defendants ADOC and KCF were of a final policies because neither both Defendants has provide adequate Safety gears and training of Staffs to protect inmates' (Plaintiff) Constitutional rights. The Defendants ADOC and KCF practices of not providing Plaintiff hand dish-washing gloves despite the Plaintiff's several request is a Custom that is so longstanding and it well-settled by the Defend-

4

ants ADOC and KCF to a point it amounts to unspoken rule for the Defendants ADOC and KCF. City of Canton v. Harris, 489 U.S. 378, 389 (1989), See also Brown, at 520 U.S. 407-08. Plaintiff alleges that the Defendants ADOC and KCF policy of training, supervising it Staffs has also caused Plaintiff's violation and was so grossly inadequate that it amounted to deliberate indifference to Plaintiff rights. Plaintiff states that the Defendants ADOC and KCF inadequate policies and Customs reflected a deliberate and conscious choice made by them and now it's a pattern of unconstitution behavior by the Defendant ADOC and KCF not to provide inmates' (Plaintiff) with Safety gears in unsafe occupation area. Plaintiff further states that th violations of his rights was highly predictable and plainly obvious consequence of the Defendants ADOC and KCF actions or inactions. Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 408-10; City of Canton, 489 U.S. at 390.

Plaintiff avers that other KCF inmates in the Kitchen were also injured during hand dish washing in the absence of Safety gears. Plaintiff attest that the violation of his rights involved issues so basic to the Defendants ADOC and KCF duties as to make the need for training obvious, provide Safety gears and protect Plaintiff's Federal and Constitutional protected rights.

Here, Plaintiff was subjected to wash the Kitchen hot grease pots and pans according to the Alabama Department of Public Health Environment Administration set standards and temperature requirement in absence of Safety gears. Plaintiff was exposed to hot water shocks and burns, and concentrated commercial industrial

5

detergent substances without being protected for over two hundred and fifty (250) days. Plaintiff was not provided with neither hand dish washing gloves nor hot water resistant. Plaintiff suffered under the hand of the Defendants ADOC and KCF.

W H E R E F O R E, for the foregoing reasons, Plaintiff submits request for this Honorable Court to reconsider its Recommendation Order of September 21st, 2007 and allow Plaintiffs filed Civil Complaint against the Defendants ADOC and KCF, to proceed without being dismissed.

Respectfully submitted on this day of October 1st, 2007.

*Egbuonu Zephyr*
Zephyrinus Egbuonu
# 27041 - 265
Federal Detention Center
P. O. Box 5010
Oakdale, Louisiana 71463

## CERTIFICATE OF SERVICE

I certify that I have served a true and correct copy of Plaintiff's Motion for Reconsideration of the Court Order of September 21at, 2007, via United States POstal SErvice, Postage Prepaid, properly affixed and address to:

Office of the Clerk

Civil Division

United States District Court

Middle District of Alabama

15 Lee Street

Montgomery, Alabama 36104


Respectfully submitted on the 1st day of October, 2007.

*Egbuonu Zephyr*
Zephyrinus Egbuonu

Zephyrinus Egbuonu
# 27041 - 265
Federal Detention Center
P. O. Box 5010
Oakdale, Louisiana 71463

LEGAL MAIL

ALEXANDRIA LA 713
02 OCT 2007 PM 2 T



Office of the Clerk(2:07-CV-685-ID)
Civil Division
United States District Court
Middle District of Alabama
15 Lee Street
Montgomery, Alabama 36104