IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ZEPHYRINUS EGBUONU,                          *
#27041-265
        Plaintiff,                            

v.                                           *                2:07-CV-685-ID

KITCHEN STEWARD WILLIAM,                     *
et al.,
        Defendants.                          *

2008 FEB 19  A 10: 14

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST
## FOR SUMMARY JUDGMENT

Comes Now Plaintiff, Zephyrinus Egbuonu, Pro-Se, hereby respectfully move this Honorable Court not to treat the Special Report and any supporting evidentiary materials as a motion of summary and after considering any responses as allowed by this Court and rule on the motion for summary judgment in accordance with the law.

Plaintiff submits that the Federal Rules do not permit a Court to dismiss lawsuits on the basis of evidence presented by Defendants, if Plaintiff have not yet had a chance to conduct discovery and present evidence himself.  **Bradbury v. Wainwright,** 718 F 2d 1538 (1983).

Plaintiff next submits beacause Defendants have failed to meet their burden of demonstrating that there is no dispute as to any material fact and bacause the facts set forth in Plaintiff's statement of material fact and the evidences prior to discovery show that Defendants' violated Plaintiff's clearly

established constitutional rights, this Court should deny Defend-
ants' motion.

Defendants are not entitle to any immunity.    Defendants'
argue that the doctrine of qualified immunity shield them from
liability for their decision to subject and compel Plaintiff to an
intolerable level of hand wash of pots and pans under over heated
hot-water mixed with highly  concentrated commercial industrial
yellow and white detergent chemical substances in absence of pro-
tective safety gears: elbow lengthy gloves and hot-water resistant
shoe, for over Six (6) months, that such exposure caused Plaintiff
severe sharp undue pain, hot-water torture, emotional distress;
skin irritation, itchy, tenure, hardening, health problem at the
time of the event and that such exposure posed a risk to Plaint-
iff's health; permanent finger discoloration.    DEfendants either
lacks train in safety related matter or have failed to implement
and enforce safety rules and precaution to protect Plaintiff, and
as a result Plaintiff suffer.    Defendants were deliberately in-
difference to Plaintiff's complaints request for safety and cond-
tions because they did nothing to resolve his numerous complaints
filed as with respect to this claim  or take steps to rectify the
unsafe work environment in absence of protective safety gears.
As the Supreme court has explained "qualified immunity seeks to
ensure that Defendants 'reasonably can anticipate when their cond-
uct may give rise to liability.' by attaching liability only '[t]he
contours of the right [violated are] sufficiently clear that a
reasonable official would understand that what he is doing violate
that right.'"  **United States v. Lanier,** 520 U.S. 259, 270 (1997).

2

"This is not to say that an official action is protected by qual-
ified immunity unless the very action in question has been held
unlawful; but it is to say that in the light of preexisting law the
unlawfulness must be apparent." **Anderson v. Creighton,** 483 U.S.
635, 640 (1987).

Here, it was apparent that the Eighth Amendment prohibited
Defendants from subjecting and compelling the Plaintiff: 1) to
perform unsafe task in absence of protective safety gears; 2) to
perform unsafe tasks in an unsafe work environment; 3) to inhumane
condition, that Defendants have been notified and informed.  As
Supreme Court held that  health risk allegedly posed by Prison Off-
icials exposure of inmates to environmental tobacco smoke ("ETS")
held to form proper basis of claim for relief under federal constit-
utional's Eighth Amendment.  **Helling v. Mckinney,** 509 U.S. 25, 35,
113 S. Ct. 2475 125 L Ed 2d 22 (1993).  Recently the Ninth Circuit
held that Prison Official is not entitled to qualify immunity when
he orders a prisoner to continue operating prison work equipment
that official has been warning and has reason to believe is unnec-
essarily dangerous.  **Morgan v. Morgensen,** 465 F 3d 1041 (9th Cir.
2006).  Then see **Chandler v. Baird,** 926 F 2d 1057, 1065-66 (11th
Cir. 1991) the Eleventh circuit has held that extreme temperature
in prisons violate Eighth Amendment.   Moreso, PLaintiff's
constitutional right to be free from wanton and obdurate misconduct
of Defendants that proximately causes Plaintiff's harm, hot-water
torture, severe sharp pains, permanent finger discoloration under
Fourteenth or Eighth Amendments was clearly established at time of
alleged misconduct of Defendants in failing to prevent unexplained
and reasonable Prison Officials would have known of it, for purposes

of officials' claim of qualified immunity from liability under
civil rights statute. **Whitley v. Albers,** 475 U.S. 312, 106 S. Ct.
1078, 89 L Ed 2d 251 (1986).   Defendants were aware and possessed
knowledge of the unsafe tasks in absence of protective safety gears
but totally and recklessly disregarded and did nothing to correct.
Moreso, be a liberty interest-short of an Eighth Amendment viola-
tion-triggering procedural requirement. **Wilkinson v. Austin,** 545
U.S. 209, 125 S. Ct. 2384, 162 L Ed 2d 174 (2005).

Defendants are not entitle for any immunity and have not
overcome the burden to establish that they are entitle to sovereign
immunity under the Eleventh Amendment or immunity from suit.   In
**City of Canton v. Harris,** 489 U.S. 378, 388 (1989), the Supreme
Court held that "the inadequacy of police training may serve as
basics for § 1983 liability only where the failure to train amounts
to deliberate indifference to the rights of persons with whom the
police come into contact.   **Pembaur v. City of Cincinnati,** 475 U.S.
469, 480 (1986) (such liability may be imposed for a single decision
by policymaker under certains).   The Court further  held liable
where the policies were "moving force behind the constitutional
violation.   **Polk County v. Dodson,** 454 U.S. 312, 316 (1981).
Defendants are not entitled to summary judgment against Plaintiff
on the grounds of qualified immunity nor sovereign immunity under
the Eleventh Amendment.   Indeed, this case presents government
misconduct so egregious that any reasonable official would have
known that it violates the constitution, regardless of pre-existing
case law.   In **Skrtich v. Thornton,** 280 F 3d1295, 1305 (11th Cir.
2002) (held some conduct is so obviously contrary to constitutional
norms that even a in the absence of case law, the defense of

4

qualified immunity does not apply.).   As the Supreme Court has observed, "the easiest case don't arise.  There has never been ....  a § 1983 case accusing welfare officials of selling foster children into slavery; it does not follow that if such a case arose, the officials would be immune from damages [or criminal] liability."  **Lanier,** 520 U.S. at 271.   Defendants' motion should there be denied.

Thus, Plaintiff request for injunctive relief is not moot on relief is not moot on the grounds Defendants have failed, however, to carry their "heavy burden" of showing that the Defendants have a policy in place and or a plan: 1) to properly train the Defendants and other Prison Official to supervise and protect the safety of inmates and their constitutional rights;  2) to protect inmates workers from being expose to unsafe work tasks;  3) to provide in-mate workers with protective safety gears;  4) to install proper ventilation in the kitchen work area and maintain appropriate work temperature instead of excessive heat;  5) to post sign informing inmates that they have the right to know by law they are entitle to request information on any hazard and toxic substance which they work with which they likely come in contact and a place where such information shall be obtain;  6) to response immediately to unsafe work environment and health hazard risk complaints;  7) to provide 2nd Shift kitchen inmate workers with adequate access to institution law library;  8) to implement and enforce s . . . . . . . .

ed and because injunctive relief remains necessary to correct this ongoing violation of the Eighth and Fourteenth Amendment, the Defendants' motion should be denied.

W H E R E F O R E   the Plaintiff have not yet had a chance to conduct discovery and present evidence himself and for all of the above reasons, Defendants' motion for summary judgment should be

ed and because injunctive relief remains necessary to correct this ongoing violation of the Eighth and Fourteenth Amendment, the Defendants' motion should be denied.

W H E R E F O R E   the Plaintiff have not yet had a chance to conduct discovery and present evidence himself and for all of the above reasons, Defendants' motion for summary judgment should be denied.

Respectfully submitted, this ___9th___ day of February, 2008.

Respectfully Submitted,

*Egbuonu Zephyr*
_____
Zephyrinus Egbuonu
FDC # 27041 - 265
Federal Detention Center
P. O. Box 5010
Oakdale, Louisiana 71463

## CERTIFICATE OF SERVICE

I certify that I have served a true and correct copy of Plaintiff's Response to Defendants' Request for Summary Judgment via United States Postal Service, Postage Prepaid, properly affixed and addressed to:  Benjamin H. Albritton, Assistant Attorney General, Office of the Attorney General, Alabama State House, 11 South Union Street, Montgomery, Alabama 36130-152.

*Egbuonu Zephyr*
_____
Zephyrinus Egbuonu

6

ZEPHYRINUS EGBUONU
FDC # 27041-265
FEDERAL DETENTION CENTER
P. O. BOX 5010
OAKDALE, LOUISIANA 71463



U.S. POSTAGE
PAID
GRAND PRAIRIE, TX
75052
FEB 12, '08
AMOUNT
$0.58
00052821-03

OFFICE OF THE CLERK (CASE 2:07-CV-685-ID)
CIVIL DIVISION
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
15 LEE STREET
MONTGOMERY, ALABAMA 36104