IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ZEPHYRINUS EGBUONU,
#27041-265
    Plaintiff,

    v.                     *          2:07-CV-685-ID

KITCHEN STEWARD WILLIAM,   *
*et al.*,
    Defendants.         *

## MOTION TO SUBSTITUTE

    **COMES NOW** Plaintiff Zephyrinus Egbuonu, Pro-Se, by and through him in the above-styled action, and file this Motion to Substitute an affidavits' exhibits.   Plaintiff state as follows:

    1.   That Plaintiff's response to Special Report and answer was filed on or about February 1, 2008.

    2.   That Plaintiff's affidavits submitted with the response to Special Report and Answer was signed by Federal Detention Center Case Manager under 18 U.S.C. § 4004.

    3.   That the Federal Detention Center Notary Public was unavailable to sign Plaintiff affidavits until after Plaintiff had filed the response to Special Report and Answer (See Attachment)

    4.   That the Federal Detention Center's Notary Public had signed Plaintiff's affidavits.

    Wherefore these premises considered, Plaintiff pray that this Honorable Court will substitute Plaintiff affidavits signed

by the Notary Public and Case Manager under **18 U.S.C. § 4004** for the Plaintiff affidavits signed by the Case Manager and unsigned by the Notary Public that were submitted with the response to special report dated January 28, 2008.

Respectfully Submitted,

*Egbuonu Zephyr*

Zephyrinus Egbuonu
Pro-Se
FDC # 27041-265
Federal Detention Center
P. O. Box 5010
Oakdale, Louisiana 71463

## CERTIFICATE OF SERVICE

I hereby certify that I have this ___8th___ day of February, 2008, served a copy of the forgoing: Motion to Substitute, by first-class United States Mail, postage prepaid and addressed upon the following:

Benjamin H. Albritton
Assistant Attorney General
Office of the Attorney General
Alabama State Union
11 South Union Street
Montgomery, Alabama 36130-152

*Egbuonu Zephyr*

Zephyrinus Egbuonu
Pro-Se

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ZEPHYRINUS EGBUONU,          *
#27041-265
     Plaintiff,               *

     v.                      *          2:07-CV-685-ID

KITCHEN STEWARD WILLIAM,     *
et al.,
     Defendants.              *

**AFFIDAVIT**

Before me, the undersigned authority, a Notary Public in
and for said parish and State of Louisiana at large, personally
Zephyrinus Egbuonu, who being know to me and being by me first
duly sworn, deposes any says on oath as follows:

My name is Zephyrinus Egbuonu, I am presently an immigration
civil detainee at the Federal Detention Center in Oakdale,
Louisiana and a former inmate of the Kilby Correctional Facility,
Mount Meigs, Alabama. I am over ninteen (19) years of age.

Kilby Correctional Facility is a Alabama Department of
Corrections System, and prisoner in Kilby Correctional Facility
and every prisoner in the Alabama Department of Corrections are
required to work as well as Inmate Egbuonu.

The Prison Officials supervising Inmate Egbuonu have a
constitutional obligation to take reasonable measures to
guarantee inmates' safety as well as Inmate Egbuonus' safety
and Inmate Egbuonus' concern of unreasonable risk damage to
his health.

**EXHIBIT 1**

In absence of Prison Officials Chief Steward Michael Warren and Steward II Varner, Prison Official **Steward Howard Williams** was Inmate Egbuonus' immediate supervisor. Inmate Egbuonu has repeatedly filed several complaints complaining about the dangerous' unsafe and health hazard problems that existed in kitchen pots and pans hand wash areas which Prison Official Steward Williams and others compelled Inmate Egbuonu to perform unsafe tasks in absence of protective safety gears in an inadequate kitchen area. Exhibits 13, 14, 15, 19, 20, 24.

Prison Official Steward Williams ordered and compelled Inmate Egbuonu to hand wash hot greasy pots and pans under over heated hot-water mixed with highly concentrated commercial Industrial yellow and white powder detergent chemical substances in absence of protective safety gears; hand washing gloves and hot-water resistant shoes, for over six (6) months.

Prison Official Steward Williams did not respond to Inmate Egbuonu numerous complaints for the protective safety gloves and protection from safety and health hazard risk nor provide Inmate Egbuonu with the protective safety gears.

Prison Steward Williams did nothing to correct the unavailiability of protective safety gears situation Inmate Egbuonu complained of, after receiving Inmate Egbuonu numerous complaints. Prison Official Williams was aware and possessed knowledge that Inmate Egbuonu was not provided with protective safety gears and recklessly disregarded and acted with deliberate indifference compelled Inmate Egbuonu to perform the kitchen pots and pans hand wash in absence of protective safety gears.

2

Prison Official Williams failed to provide protective safety gears nor implement and enforce safety rules and precautions consistent with Alabama Department of Corrections Administrative REgulations as respect to safety related matters.  Prison Official Steward Williams compelled Inmate Egbuonu to perform the pots and pans hand wash that exposed Inmate Egbuonu to unreasonable safety and health risk damage to Inmate Egbuonu's health.  Exhibits 7, 8, 13, 14, 15, 19, 20, 24.

Prison Official Williams failed to fashion a policy addressing Inmate Egbuonu exposure to hot-water mixed chemical substances, failed to make a good faith effort to implement or enforce the policy to protect inmate workers from unsafe work environment.

Prison Official Steward Williams at no time provided nor made available hand wash elbow length Neoprene gloves to Inmate Egbuonu or other pots and pans inmate workers and has never instructed Inmate Egbuonu and other inmate workers to wear neoprene gloves which he did not provide nor make available.  Moreso, Prison Official Steward Williams recklessly disregarded to respond to Inmate Egbuonu's numerous complaints requesting for hand wash gloves, protective safety gears and precaution requests and acted with deliberate indifference by compelling Inmate Egbuonu to perform the hot greasy pots and pans hand wash in absence of protective safety gears and exposing Inmate Egbuonu to unreasonable risk damage to his health.  Exhibits 13, 14, 15, 19, 20, 24.

At no time did Prison Official Steward Williams provide Inmate Egbuonu with hot-water resistant shoes to wear to perform the kitchen pots and pans hand wash tasks in an unsafe kitchen

3

work environment.  Prison Officials Chief Steward Warren and
Steward Williams did not: 1) train Inmate Egbuonu on the proper
kitchen sanitation and safety procedures in pots and pans hand
wash; 2) train Inmate Egbuonu on the amount of the highly concen-
trated commercial industrial yellow and white powder detergent
chemical subsatnces to use nor the appropriate way to use the
highly concentrated detergent chemical subsatnaces.

Inmate Egbuonu was taught how to perform the kitchen pots
and pans hand wash by some extra duty inmate workers who were
performing the kitchen pots and pans hand wash at the time events
took place.

Prison Official Steward Williams and others used the pots
and pans hand wash under the over heated hot water in absence of
protective safety gears to impose curel and unusual punishment,
harm, hot-water torture, and inflict severe sharp pains on inmate
workers and this their unconstitutional custom behaviour has been
going on for years.

Safety and Safety precaution is to prevent the first acci-
dent from occurring, Prison Official Steward Williams waited for
Inmate Egbuonu to sustain a cut on his hand and finger then all-
eged sending Inmate Egbuonu to the Medical Unit but failed to
provide the Court with the medical chart and or incident report
of Inmate Egbuonus' injury in May 2006 which Prison Official
Steward William admitted that he provided Inmate Egbuonu a pair
of latex gloves to keep the cut area dry. See Prison Official
Defendants' Exhibit 1 page 3.

No report of Inmate Egbuonus' numerous complaints made to

4

Prison Steward William was attached to his filed affadavit nor presented before the Court.

Prison Official Steward Williams has never called the Shift Commander to come take Inmate Egbuonu to the Medical Unit or send Inmate Egbuonu to the Medical Unit by himself despite Inmate Egbuonu had made numerous complaints to Prison Official Steward Williams about his hands and fingers had began to wear off from the chemical substances he was using to wash the dishes and was concerned for his safety. No record was submitted by Prison Official Steward William indicating that he sent Inmate Egbuonu to the Medical Unit. See Prison Official Defendants' Exhibits 1, 2.

Prison Official Steward Williams was aware, possessed Knowledge that Inmate Egbuonu experienced a cut, recklessly disregarded and acted with deliberate indifference by providing Inmate Egbuonu with a hospital latex gloves to cover the cut area then ordered and compelled Inmate Egbuonu to complete his assigned unsafe tasks; hot greasy pots and pans hand wash in absence of elbow length gloves or face sanction and disciplinary actions. See Prison Official Defendants' Exhibit 1.

Prison Officials Chief Steward Warren and Steward Williams did not make routine checks on the amounts of detergent chemical substances being applied and used by the kitchen pots and pans hand wash inmate workers. Instead both have interest to provide inmate workers with extra brown bags which contains the highly concentrated commercial industrial detergent chemical substances, to get the task done irrespective that pots and pans hand wash inmate workers are being exposed to unreasonable safety and health

5

hazard risk and also damage to their future health.  The brown
has no label and Inmate Egbuonu had no way of knowing what type
of detergent chemical substances he was being exposed to or the
amount of the detergent chemical substance to be mixed with over
heated hot-water to perform the pots and pans hand wash in
absence of protective safety gears.   Inmate Egbuonu has made
request from Prison Official Steward Williams and others for the
content of the detergent chemical substances that caused harm to
him, however Inmate Egbuonu request was denied.   Prison Official
Steward Williams and other denied Inmate Egbuonu's rights to
know in violation of federal laws and regulations.   Moreso, no
policy was in place for inmate workers to know what types of
detergent chemical substances they were being exposed to and the
safety precautions to follow to protect their health.  In addition,
Prison Official Chief Steward Warren has declared that one of the
chemical substance given to pots and pans hand wash inmate workers
contained bleach; see Prison Official Defendants' Exhibit 5  page
2, however bleach will not be considered as "all purpose manual
detergent"; see Prison Official Defendants' Exhibit 6, so as may
other detergent chemical substance given to inmate workers inclu-
ding Inmate Egbuonu.  As such inmate workers including Inmate
Egbuonu have no way of knowing what chemical substances expose to
in the kitchen unsafe work environment.

       The Ceiling fan located at the kitchen pots and pans work
area does not stay plugged in/on for twenty-four(24) hours per
day.  The kitchen Prison Official Stewards including Steward
Williams told inmate workers including Inmate Egbuonu to use

6

empty milk crates to climb up, plug-in or unplug the ceiling
fan on a daily basis.  No ladder was provided or made availbale
to use to climb up, plug-in or unplug the ceiling fan on a daily
basis.   Prison Official Steward William told Inmate Egbuonu to
plug-in the ceiling fan at beginning of his pots and pans hand
wash to cool down the heat from the pots and pans.   For over
six (6) months Inmate Egbuonu was working in the kitchen, he has
not seen Maintenance Department crew plug-in and unplug the
ceiling fan kitchen inmate workers in the pots and pans 1st Shift.

Prison Officials Steward Williams and other Stewards were
aware and possessed knowledge that: 1) no ladder was provided or
made available to use to climb up, plug-in or unplug the ceiling
fan;  2) the kitchen pots and pans area ceiling fan had mechanical
and electrical problems,  but recklessly disregarded and acted
with deliberate indifference and failed to attach safety warnings,
safety precaution signs, hazard warning labels or inform inmate
workers including Inmate Egbuonu that the ceiling fan had problems.
Prison Official Steward Williams saw Inmate Egbuonu upon Inmate
Egbuonus' arrival to work and check-in with Prison Official
Steward Egbuonu Williams.  Prison Official Steward Williams said
nothing to Inmate Egbuonu about the ceiling fan when he handed
Inmate Egbuonu the brown bags of detergent chemical substances.
Prison Officials Steward Williams failed to warn inmate workers
when he left the empty milk crates inmate workers uses to climb
up to plug-in or unplug the ceiling fan, in place.   It was
obvious that Prison Official Steward Williams recklessly disre-
garded and acted with deliberate indifference failed to informed

7

Inmate Egbuonu about the unsafe ceiling fan to protect Inmate Egbuonu in the unsafe work environment and has not provided any safe way to plug-in  or unplug the ceiling fan rather than to use the empty milk crate that was placed in place by the Prison Official Stewards.

Prison Official Steward Williams anther Other Stewards were aware, possessed knowledge, knew there was mechanical and elect-rical danger in climbing and plugging the ceiling fan which has problems but recklessly diregarded and acted with deliberate indifference failed to take actions to correct the danger and make it safe for inmates or informed inmate workers including Inmate Egbuonu of the existing ceiling fan danger.

Prison Official Steward Williams recklessly disregarded the safety precaution procedure to protect Inmate Egbuonu for climbing up to plug-in the ceiling fan which he has told Inmate Egbuonu to plug-in in the beginning of his pots and pans hand wash in absence of protective safety gears.  Moreso, Prison Official Steward Williams has exposed Inmate Egbuonu to unsafe work environment and recklessly disregarded and acted with deliberate indifference failed to protect Inmate Egbuonu from danger and perpetually called Inmate Egbuonu a "Knucklehead".   The Webster College dictionary defined knucklehead as " a stupid person".  Inmate Egbuonu was not a stupid person for follow Prison Official Steward Williams direct order which lacks safety.

Prison Official Williams has never informed Inmate Egbuonu that the ceiling fan was broken prior to his climbing up to plug-in the ceiling fan at the beginning of his assigned tasks consist-

tent with Prison Official Steward William previously instruction to him.

Prison Official Steward Williams has repeatedly called Inmate Egbuonu a "knucklehead" in fornt of Kitchen inmate workers despite that Inmate Egbuonu have asked pleaded to him kindly not to further call him a "knucklehead", Prison Official Steward Williams disregarded and continued to call Inmate Egbuonu a "Knucklehead" and called a backup officer; Lieutenant Kenneth Cash.

Prison Official Steward Williams and Lieutenant Kenneth Cash perpetually called Inmate Egbuonu a knucklehead several times, ordered and compelled Inmate Egbuonu to perform unsafe pots and pans hand wash in absence of the elbow length gloves and hot-water resistant under the over heated hot water mixed with detergent chemical substances in inadequate ventilation in absence of pro- tective safety gears without inquiry assessment of the existing danger and harm, without due process of safety precaution and without inquiry into Inmate Egbuonus' liberty interest to be free from safety and health risks.

Prison Steward Williams perpetually made statements calling Inmate Egbuonu a "Knucklehead" was made with actual malice, that is, with hatred, ill will or enmity or a wanton desire to injure and their statements were false and has caused Inmate Egbuonu to suffer tangible injury.

At no time were sanctions, citations or disciplinary actions issued to Inmate Egbuonu by Prison Official Steward Williams and or others for: 1) failure to follow direct Prison Official order;

9

2) failure to follow safety or sanitation regulation orders;

3) filing any false allegation against Kitchen Prison Official;

4) failure to follow direct safety order procedure;  5) intention-

ally creating a security, safety, or health hazard;  6) violating

of any Alabama Department of Corrections Administrative Regulation.

Exhibit 7, 8.

Prison Official Steward Williams has habits of using abusive

conduct words or statements against inamte workers in the past

and continues to do so, made the kitchen a hostile work environ-

ment and has defamed Inmate Egbuonu and failed to correct the same.

Moreso, Prison Official Steward William has created a hostile

work environment for inmate workers with his abusive conduct words

by labelling Inmate Egbuonu a "knucklehead".

Prison Official Steward Williams has failed to abide by the

Alabama Department of Corrections Administrative Regulation as

respect to safety related matter, due process and equal protection

and protection of inmate workers in kilby Correctional Facility

from unreasonable risks which Inmate Egbuonu suffer.

Prison Official Steward Williams has failed to provide

Inmate Egbuonu with protective safety gears; elbow length gloves

and hot-water resistant shoes despite Inmate Egbuonu numerous

complaints to him that he has experienced hot-water torture,

severe pains and suffering, burns, skin irritation itchy tenure

hardening, cut injuries and permanent finger discoloration.

Priso Official Steward Williams recklessly disregarded and acted

with deliberate indifference and did nothing to protect Inmate

Egbuonu.

Prison Official Steward William has failed to provide inmate workers with proper safety and operating instructions on the amount of detergents to use in performing pots and pans hand wash. Prison Official Steward Williams has failed to warn and protect inmate workers against unreasonable safety and health hazard risks.

Prison Official Steward Williams and others have worked together for over six (6) months, ordered and compelled Inmate Egbuonu to perform pots and pans hand wash in absence of safety gears; the task that no other inmate workers wanted to do for more than one month in absence of safety gears and which other inmates were injured.

Inmate Egbuonu submits that his evidence before the Court prior to discovery is not only believable but compelling that Prison Official Steward Williams and others had actual knowledge of danger in the Kitchen pots and pans hand wash tasks but Prison Official Steward Williams totally recklessly disregarded to provide Inmate Egbuonu with protective safety gears or protect Inmate Egbuonu from unreasonable risk.   Prison Official Steward Williams and others acted with deliberate indifference to expose Inmate Egbuonu to unreasonable risk damage to his health and that, as a result of Prison Official Steward Williams actions and inactions Inmate Egbuonu has suffered hot-water torture, sharp severe pains, emotional distress, skin irritation hardening tenure itchy, permanent finger discoloration and continues to suffer.  Prison Official Steward Williams totally disregard for his duties under Alabama Department of Corrections, State and Federal laws and regulations and constitution of the United States as respect to

11

this claim.

Inmate Egbuonu now re-alleges and incorporates by references to the above-mentioned and its attached exhibits and his filed civil complaint and states that Prison Official Steward I Howard William has violated Eighth and Fourteenth Amendment Constitution rights respectively in all manner, has defamed Inmate Egbuonu in violation of 42 U.S.C. § 1983, and has worked together with others to further violate Egbuonus' Eighth and Fourteenth Amendment constitutional rights in all manner.

*Egbuonu Zephyr*

**Zephyrinus Egbuonu**

**State of Louisiana**

**Oakdale, Louisiana**

Sworn to and subscribed before me and under my hand official seal this the _30th_ day of January, 2008.

*Kathy Jordan*

**Notary Public**

My Commission expires: _at death_

Authorized by the Act of
July 7, 1955, as amended, to
administer oaths (18 USC 4004).

_____, **Case Manager**
(Name)

12

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ZEPHYRINUS EGBUONU,           *
#27041-265
     Plaintiff,               *

     v.                       *            2:07-CV-685-ID

KITCHEN STEWARD WILLIAM,      *
et al.,
     Defendants.              *

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said parish  and State of Louisiana at large, personally Zephyrinus Egbuonu, who being know to me and being by me first duly sworn, deposes any says on oath as follows:

My name is Zephyrinus Egbuonu, I am presently an immigration civil detainee at the Federal Detention Center in Oakdale, Louisiana and a former inmate of the Kilby Correctional Facility, Mount Meigs, Alabama.  I am over ninteen (19) years of age.

Kilby Correctional Facility is a Alabama Department of Corrections System, and prisoner in Kilby Correctional Facility and every prisoner in the Alabama Department of Corrections are required to work as well as Inmate Egbuonu.

The Prison Officials supervising Inmate Egbuonu have a constitutional obligation to take reasonable measures to guarantee inmates' safety as well as Inmate Egbuonus' safety and Inmate Egbuonus' concern of unreasonable risk damage to his health.

**EXHIBIT 2**

Inmate Egbuonu reference to Prison Official **Lieutenant Kenneth Cashs'** filed affidavit and states that he was summoned to inmate general population Kitchen Office in the presence of other kitchen inmate workers by Prison Officials Lieutenant Cash and Steward Williams; see Defendant Exhibit 1 page 3, which states: " .... and I called for Lieutenant Cash to report the incident."

Prison Official Lieutenant ("Lt.") Cash allowed Prison Official Steward Williams to make his incident report to him but denied Inmate Egbuonu the same and repeatedly called Inmate Egbuonu a "Knucklehead" as he speaks and told Egbuonu not to speak a word or otherwise face sanctions, citations, disciplinary actions.

Prison Official Lt. Cash denied Inmate Egbuonu access to Alabama Department of Corrections Administrative Regulation due process and Constitutional rights to free speech and due process and equal protection to present his own version of the incident despite the fact that Lt. Cash was aware and possessed knowledge of the Kitchen safety and hazard risks that existed then compelled "knucklehead" as Lt. Cash called Inmate Egbuonu, to perform the kitchen pots and pans hand washing under over heated hot-water mixed with highly concentrated commercial industrial detergent chemical substances and in an unsafe work area in absence of protective safety gears ( elbow length hand washing gloves and hot-water resistant shoes) and a working ceiling fan.

Prison Officials Lt. Cash and Steward William worked together, were aware, possessed knowledge of the kitchens' unsafe work

2

area environment in absence of protective safety gears including
a broken ceiling fan and more excessive heat generate in absence
of the ceiling fan and recklessly disregarded and acted with
deliberate indifference by compelling Inmate Egbuonu to perform
unsafe kitchen pots and pans hand wash with no protective safety
gears in inadequate kitchen ventilation that exposed Inmate
Egbuonu to unreasonable safety and health hazard risks.

Prison Official Lt. Cash coerced and threatened Inmate
Egbuonu and use the Alabama Department of Correction Administ-
rative Regulation Number 403 major rule violation; see Exhibit
8, to further his threats, but on the other hand failed to abide,
enforce and implement safety precaution rules consistent with
the Alabama Department of Corrections Administrative Regulation
to protect Inmate Egbuonu from unreasonable safety and health
hazard risks.

Prison Official Lt. Cash told Inmate Egbuonu that if he
failed to perform assigned tasks as directed by Prison Official
Steward Wlliams irrespective of Inmate Egbuonu request for pro-
tective safety gears and a working fan to cool down the hot
greasy pots and pans and areas he works, that Inmate Egbuonu
would be written up, sanctioned, disciplined and placed in an
isolated segregation cell and the write-up would be placed in
Inmate Egbuonus' file for the Board of Pardon and Parole. How-
ever Prison Official Lt. Cash backed-up Prison Official Steward
William to deny Inmate Egbuonu protective safety gears.
Exhibits 7, 8 and Defendant's Exhibit 2.

Prison Official Lt. Cash has never sanctioned, cited or

3

or disciplined Inmate Egbuonu for:  1) making false complaints
for safety gears nor lying or providing a false statement about
unavailable kitchen protective safety gears and unsafe work
environment;  2) failure to follow direct prison officials'
order;  3) failure to follow safety or sanitation regulations;
4) failure or refusing to work or to accept a program; and any
other Alabama Department of Corrections Administrative Regulat-
ion Number 403 major rule violations.  Exhibits 7, 8, 13, 14,
15, 19, 20, 24  then see Prison Official Defendants' Exhibits
1, 3, 4, 5, 6 which happens to disagree with the Prison Off-
icial Lt. Cash filed affidavit  on the basis that Inmate Egbuonu
failed to follow or obey direct Prison Officials' direct orders
or follow safety and sanitation regulations.

Prison Official Lt. Cash has coerced and threatened Inmate
Egbuonu and compelled him to perform the kitchens unsafe pots
and pans hand washing in absence of protective safety gears a
safe work environment or face disciplinary action despite Inmate
Egbuonus several complaints made to the Prison Officials includ-
ing the one made to Prison Official Stewards.  Inmate Egbuonu
as a result of Prison Official Lt. Cah actions  and inactions,
experienced hot-water torture, pains and suffering, skin itchy
irritation  hardening tenure and finger discoloration.

Prison Official Lt. Cash has used excessive force on inmates
in past and at no time did Prison Official Steward Williams call
Prison Official Lt. Cash and or obtained authorization from the
Prison Official Lieutenant's Office to escort Inmate Egbuonu to

4

Cash

to the Medical Unit      that Egbuonu recall despite the fact
that Inmate Egbuonu made numerous complaints requesting for pro-
tective safety gears and was concerned for his safety.   Exhibits
13, 14, 15, 19, 20, 24 then see Prison Official Defendants'
Exhibits 1 and 2.

Prison Official Lt. Cash has failed to abide by the Alabama
Department of Corrections Administrative Regulation when he work
together with Prison Official Steward Williams to compel Inmate
Egbuonu to perform unsafe task in an unsafe work environment
without inquiry assessment of the existing danger and harm, with-
out due process of safety precaution and without inquiry into
Inmate Egbuonus' liberty interest to be free from safety and
health risks.

Prison Official Lieutenant Kenneth Cash and Steward Williams
perpetu ally made  statements calling Inmate Egbuonu a "Knuckle-
head" was made with actual malice, that is, with hatred, ill
will or enmity or a wanton desire to injure and their statements
were false and has caused Inmate Egbuonu to suffer tangible
injury.    Inmate Egbuonu was not a "Knucklehead."

Inmate Egbuonu now re-alleges and incorporates by references
to the above-mentioned and its attached Exhibits and filed civil
complaint and states that Prison Official Lieutenant Kenneth Cash
violated Inmate Egbuonus' liberty interest to be free from
harms, pains and suffering, unreasonably risks, due process and
equal protection rights; First, Eighth and Fourteenth.   Prison
Official Lieutenant Kenneth Cash has worked together with Prison
Official Steward Williams to defame him by perpetutally calling

5

Inmate Egbuonu a "Knucklehead" and reckless disregard of the truth and further violated Inmate Egbuonus' First, Eighth and Fourteenth Amendment constitutional rights and 42 U.S.C. § 1983. Inamte Egbuonu further states that Lieutenant Kenneth Cash has violated the State and Federal laws and regulations as respect to the safety and Inmate Egbuonus' constitutional rights in all manner.

*Egbuonu Zephyr*

**Zephyrinus Egbuonu**

**State of Louisiana**

**Oakdale, Louisiana**

Sworn to and subscribed before me and under my hand official seal this the 30th day of January, 2008.

*Kathy Jordan*

Notary Public

My Commission expires: *At death*

Authorized by the Act of
July 7, 1955, as amended, to
administer oaths (18 USC 4004).

_____, Case Manager
(Name)

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ZEPHYRINUS EGBUONU, | * | |
| #27041-265 | | |
| Plaintiff, | * | |
| | | |
| v. | * | 2:07-CV-685-ID |
| | | |
| KITCHEN STEWARD WILLIAM, | * | |
| et al., | | |
| Defendants. | * | |

### AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said parish  and State of Louisiana at large, personally Zephyrinus Egbuonu, who being know to me and being by me first duly sworn, deposes any says on oath as follows:

My name is Zephyrinus Egbuonu, I am presently an immigration civil detainee at the Federal Detention Center in Oakdale, Louisiana and a former inmate of the Kilby Correctional Facility, Mount Meigs, Alabama.  I am over ninteen (19) years of age.

Kilby Correctional Facility is a Alabama Department of Corrections System, and prisoner in Kilby Correctional Facility and every prisoner in the Alabama Department of Corrections are required to work as well as Inmate Egbuonu.

The Prison Officials supervising Inmate Egbuonu have a constitutional obligation to take reasonable measures to guarantee inmates' safety as well as Inmate Egbuonus' safety and Inmate Egbuonus' concern of unreasonable risk damage to his health.

# EXHIBIT 3

Barrett

Inmate Egbuonu was assigned to work at the Kilby Correctional
Facility by the Prison Official Captain over the job placement
who reviews Inmate Egbuonu record and him that "I have a job for
you since your victim is a law enforcement officer, I will assign
you to the inmate general population Kitchen, deal with the Kit-
chen heat and learn how to hand wash pots and pans before immig-
ration deports you."    Exhibits 9 and 11.

Prison Official **Captain Bobby Barrett**, received numerous
oral and written complaints from Inmate Egbuonu, however  Prison
Official Captain Barrett failed to take actions and or inactions
to protect Inmate Egbuonu and provide him with protective safety
gears or fashion a policy addressing Inmate Egbuonu exposure to
hot-water mixed with chemical substances in absence of protective
safety gears.    Prison Official Captain Barrett failed to imple-
ment and enforce safety precaution in the kitchens unsafe work
environment in which Inmate Egbuonu was  assigned to perform his
prison labor.    Prison Official Captain Barrett also failed to
make a good faith effort to implement or enforce safety policy
and moreso he was the Prison Official Captain over the job place-
ment.    Prison Official Captain Barrett failed to provide Inmate
Egbuonu with protective safety gears nor respond to Inmate
Egbuonus' complaint requests on time or state any prison policy
that reasonably relates to legitimate interest not to
grant Inmate Egbuonus' complaint requests.  Exhibits 11, 14, 16,
23 and Defendants' Exhibit 3 page 2.

At no time elbow length glove was provided nor made available
to inmate workers to wear to perform pots and pans hand wash under

2

overheated  hot-water mixed with highly concentrated commerical industrial yellow and white powder detergent chemical substances.

On several occasions Inmate Egbuonu had spoken to Prison Official Captain Barrett on different issues ranging from various safety hazards found through out the Kilby Correctional Facility occupation areas, serious threats  to safety and security of inmates; unconstitutional infliction of pain against inmates; denying kitchen 2nd Shift inmate workers access to law library; exposing inmates to tobacco that has improper risk effect label and tobacco smoke that harm non-smoking inmates like Inmate Egbuonu; denying kitchen inmate workers' protective safety gears and compelling them to perform unsafe tasks in absence of the same in an unsafe work environment; tampering desertion withholding delays in the passage of inmates' United States Postal Services return receipts; charging inmates fifty (50) cents for making one page photocopy; excessive heats in the dormitories and denying inmates access to receive information including internet print out.

Prison Official Captain Barrett ignored Inmate Egbuonus' Complaints and told Inmate Egbuonu that the Kilby Correctional Facility is the best correctional facility in the Alabama Depart-ment of Correction System and Inmate Egbuonu need to understand this is a prison in Alabama State not in California State.  Inmate Egbuonu responded back by saying " I do understand."

Prison Official Captain Barrett as the captain over the job placement, was aware and possessed knowledge that Inmate Egbuonu was not provided with protective safety gears, facilitated it,

3

worked together with others, condoned it, turned a blind eye for fear of what he might see and allowed subordinate defendants and others to harm, torture  Inmate Egbuonu with hot-water mixed with highly concentrated detergent chemical substances for over six (6) months.    Prison Official Captain Barrett recklessly disregarded and acted with deliberate indifference failed to protect Inmate Egbuonu from being subjected to harm, hot-water torture, burns, sharp severe pains and suffering, irritation, itching, tenure, hardening, injuries and permanent finger discoloration after he was informed and notified by Inmate Egbuonu on several occasions of what Inmate Egbuonu has being exposed to in the Kitchen pots and pans hand wash in absence of protective gears.  Exhibits 19

Prison Official Captain Barrett was aware and possessed knowledge that the kitchen hot greasy pots and pans hand washing inmate workers like Inmate Egbuonu were compelled to perform unsafe tasks under the over heated hot-water mixed with highly concentrated commercial industrial yellow and white powder detergent chemical substances in absence of protective safety gears inadequate kitchen ventilation system and did nothing to correct the same and failed to enforce the safety rules and policy consistent with Alabama Department of Corrections Administrative Regulation, State and Federal laws and regulations and the Eighth and Fourteenth Amendment of the Consitution of United States.

Prison Official Captain Barrett did not take actions to curb the Kilby Correction Facility perpetuated custom policy of expoing inmate workers like Inmate Egbuonu to perform unsafe tasks of labor which endanged his life, health and caused undue pains and

4

suffering which Inmate Egbuonu did not agree willingly to such a risk but had no choice to follow direct orders by prison officials.

At no time did Prison Official Kitchen Steward Leon Varner escort Inmate Egbuonu to the Lieutenant's office for unsatisfactory work in which the Lieutenant resolved the issue. See Defendant Exhibit 3 page 2. At no time did Inmate Egbuonu was aware that Prison Official Steward Varner or others indicate to the Lieutenant or Captain's office that Inmate Egbuonu had performed unsatisfactory work in Kilby Correctional Facility, moreover Prison Official Captain Barrett has presented no evidence before the Court to support this allegation. Exhibits 7, 8 and Defendants Exhibit 1, 2, and 4.

At no time did Prison Official Captain Barrett allege that Egbuonu had filed false complaints nor has provided a false statement on his numerous filed complaints requesting for protective safety gears; hand washing gloves and hot-water resistant shoes. Never was there a write-up, citation, sanction, disciplinary action issued to Inmate Egbuonu by Prison Captain Barrett and subordinates, for a violation of any Kitchen rules including unsatisfactory work, failure to work or delaying work, Alabama Department of Corrections Administrative Regulation Number 403 such as filing any false complaints against prison officials nor failure to follow prison officers' direct order or intentionally creating a security, safety and health hazard. Exhibits 7 and 8.

Prison Official Captain Barrett has denied Inmate Egbuonu due process and freedom from hot-water torture, inhumane condition, pains, harm, burns, emotional distress, skin irritation itching

5

hardening, hand tenure, cruel and unusual punishment. Prison
Official Captain Barrett failed to enforce safety precautions and
protect Inmate Egbuonu despite Inmate Egbuonus numerous complain-
ts' to him and as a result Inmate Egbuonu has suffered under
Prison Official Barretts' actions and inactions as with respect
to this described claims.

Inmate Egbuonu re-alleges and incorporates by references to
the above mentioned and its attached exhibits, and his filed
civil complaint and states that Prison Officials Captain Barrett
has violated the Alabama Department of Corrections Administrative
Regulation Rules, has violated Inmate Egbuonus' Eighth and
Fourteenth Amendents of Federal Constitutional rights, has vio-
lated State and Federal laws and regulations, respectively in
all manner.

Prison Official Captain Barrett has worked together with
others agreed and compelled Inmate Egbuonu to perform unsafe hot
greasy pots and pans hand washing under  over heated hot-water
mixed with highly concentrated commercial industrial yellow and
white powder chemical substances in absence of protective safety
gears for over six months (6) months despite Inmate Egbuonus'
numerous complaints and has violated Inmate Egbuonus' Eighth and
Fourteenth Amendment Constitutional rights in all manner.
Exhibits 13, 14, 15, 16, 17, 18, 19, 20, 23, 24.

Egbuonu Zephyr

Authorized by the Act of
July 7, 1955, as amended, to
administer oaths (18 USC 4004).

_____, Case Manager
(Name)

6

Barrett

**State of Louisiana**

**Oakdale, Louisiana**

  Sworn to and subscribed before me and under my hand official seal this the _30th_ day of January, 2008.


_Kathy Jordan_
_____
**Notary Public**

My Commission expires: _At death_

7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ZEPHYRINUS EGBUONU,          *
#27041-265
     Plaintiff,          *

     v.          *          2:07-CV-685-ID

KITCHEN STEWARD WILLIAM,          *
*et al.*,
     Defendants.          *

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in
and for said parish and State of Louisiana at large, personally
Zephyrinus Egbuonu, who being know to me and being by me first
duly sworn, deposes any says on oath as follows:

My name is Zephyrinus Egbuonu, I am presently an immigration
civil detainee at the Federal Detention Center in Oakdale,
Louisiana and a former inmate of the Kilby Correctional Facility,
Mount Meigs, Alabama. I am over ninteen (19) years of age.

Kilby Correctional Facility is a Alabama Department of
Corrections System, and prisoner in Kilby Correctional Facility
and every prisoner in the Alabama Department of Corrections are
required to work as well as Inmate Egbuonu.

The Prison Officials supervising Inmate Egbuonu have a
constitutional obligation to take reasonable measures to
guarantee inmates' safety as well as Inmate Egbuonus' safety
and Inmate Egbuonus' concern of unreasonable risk damage to
his health.

**<u>EXHIBIT</u> 4**

Varner

In absence of Prison Official Kitchen Chief Steward Michael Warren from the inmate general population kitchen for several months, Prison Official **Steward II Leon Varner** assumes Prison Official Chief Steward Warrens' position and responsibility in the Kitchen 1st Shift.    Inmate Egbuonu was assigned to hand wash pots and pans in absence of safety gears; elbow lengthy gloves and hot-water resistant shoes  in a absence of a safe work environment.

Prison Official Steward II Willie Sanford was not Inmate Egbuonus' immediate supervisor in the kitchen pots and pans hand wash 1st  Shift.    Prison Official Steward II Varners allegations that Prison Official Steward II Sanford was Inmate Egbuonus' immediate supervisor in the 1st Shift is incorrect and as such conflicts with Prison Official Captain Barretts' filed affidavit statement which provides: "I recall one other time Steward Varner escorted Egbuonu to the Lieutenant's office for unsatisfactory work in which the on duty Lieutenant resolved the issue."  see Prison Official Defendants' Exhibit 3 page 2.

Prison Official Steward II Sanford could not have been Inmate Egbuonus' immediate supervisor while Prison Official Steward II Varner escorted Inmate Egbuonu to the Lieutenant's Office for unsatisfactory work.    As such the Kilby Correctional Facility 3rd Shift Commander Prison Lieutenant's Kenneth Cash on his filed affidavit provides:  "I have no recollection of Inmate Egbuonu or any problems the kitchen may have had with him"  see Prison Official Defendants' Exhibit 2.

Prison Official Steward II Varners' allegation was

2

incorrect and inaccurate as well as Prison Official Captain Barretts' allegation on the basis that Inmate Egbuonu was never escorted to the Lieutenant's office neither by Prison Official Steward II Sanford nor Steward II Varner and also Inmate Egbuonu has never been escorted to any office for any unsatisfactory work. Exhibit 7 and 8.

Prison Official Steward II Varner and Williams were Inmate Egbuonus' immediate supervisors in absence of Prison Official Chief Steward Warren in addition to newly hired Prison Official Steward Arbor. Prison Official Steward II Varner has admitted that he was acting as Chief Steward in absence of Chief Steward Warren and was responsible for ordering kitchen supplies, supervising other Prison Official kitchen Stewards and insure inmates are trained in compliance with Public Health requirements. Prison Official Steward II Varner and other Stewards have never trained Inmate Egbuonu.

Prison Official Steward II Varner allegations that he was not Inmate Egbuonus' supervisor in absence of Prison Official Chief Steward Warren conflict with Chief Steward work schedule time. See Prison Official Defendants' Exhibit 5.

Inmate Egbuonu has repeatedly filed several complaints about the existing kitchen safety and health hazard problem risk which Prison Official Steward II Varner and others compelled inmate workers including Inmate Egbuonu, to perform unsafe tasks; hand wash greasy pots and pans under over heated hot-water mixed with highly concentrated commercial industrial yellow and white powder detergent chemical substances in absence of protective

3

Varner

safety gears; hand washing gloves and hot-water resistant shoes.
Inmate Egbuonu did not receive a response to his several com-
plaints requesting protective safety gears from Prison Official
Steward II Varner nor protective safety gears provided or made
available for Inmate Egbuonu to wear and perform his assigned
unsafe tasks.  The Kitchen Prison Official Steward II Varner did
nothing to correct the availiability of the protective safety
gears situation Inmate Egbuonu complained of, after receiving
Inmate Egbuonus' numerous complaints.    Prison Official Steward
II Varner did not protect Inmate Egbuonu from safety and health
hazard risk Inmate Egbuonu complained of.    Prison Official fail-
ed to fashion a policy addressing inmate workers including Inmate
Egbuonu exposure to unsafe pots and pans hand washing tasks in
absence of protective safety gears, or failed to make a good
faith effort to implement or enforce the policy.   Exhibits 13,
14, 15, 19, 20, 24.

        Prison Official Steward Williams was aware and possessed
knowledge that Inmate Egbuonu was not provided with protective
safety gears and recklessly disregarded and acted with deliberate
indifference, compelled Inmate Egbuonu perform the unsafe tasks
in absence of protective safety gears in an inadequately ventil-
ated work environment.

        Prison Official Steward Varner has never:  1) trained Inmate
Egbuonu on the amount of the highly concentrated commercial ind-
ustrial yellow and white detergent chemical substances  and the
appropriate way to use the detergent chemical substances;
2) inform Inmate Egbuonu about the content of the highly concen-

4

trated commercial industrial yellow and white powder detergent
chemical substances despite that Inmate Egbuonu repeatedly re-
quested for the content label;  3) provide and made available
to 1st and 2nd Shifts inmate workers including Inmate Egbuonu
with pots and pans hand wash gloves or elbow lengthy neoprene
gloves to wear to perform the kitchen pots and pans hand washing;
4) provide  Inmate Egbuonu hot-water resistant shoe.

Prison Official Steward II Varner did not interest of
inmate workers' safety and or protecting inmate workers like
Inmate Egbuonu from the kitchen safety and health hazard risks.
Instead Prison Official Steward II Varners' interest is to hand
inmate workers the brown bags with no content label which
contains the yellow and white detergent chemical subsatnces.

Safety and Safety precaution is to prevent the first acci-
dent from occurring, Prison Official Steward II Varner:  1)
perpetually failed to apply and enforce safety rules and precaut-
ions pursuant to Alabama Department of Corrections Administrative
Regulations as respect to safety;  2) perpetually failed to res-
pond to Inmate  Egbuonus' complaint for safety;  3)failed to
train his subordinates and protect inmate workers like Inmate
Egbuonu from performing unsafe kitchen pots and pans hand wash
in the absence of protective safety gears; 4) failed to train his
subordinates to refrain from using abusive words against inmates'
which resulted in calling Inmate Egbuonu a "Knucklehead" by Prison
Official Steward Williams and Lieutenant Cash; and 5) failed to
supervise his subordinates  and as a result Inmate Egbuonu has
suffered under Prison Official Steward Varners' supervision and

5

and immediate supervisors for several months despite Inmate
Egbuonus' repeated complaints concerning his safety and request
for protective safety gears to wear in performing unsafe hot
greasy pots and pans hand wash, which Prison Official Steward
Varner did nothing to protect Inmate Egbuonu from being exposed
to unreasonable risk to his health and future damage.

Prison Official Steward II Varner was aware, possessed
knowledge of unavailability of protective safety gears Inmate
Egbuonu complained of but totally and recklessly disregarded and
acted with deliberate indifference  despite Inmate Egbuonus'
numerous  complaints and compelled Inmate Egbuonu to perform
kitchen pots and pans hand wash under the over heated hot-water
mixed with detergent chemical substance which exposed Inmate
Egbuonu to hot-water torture, burns, sharp severe pains and
suffering, skin irritation itching tenure hardening, injury and
permanent discoloration.   As a result of Prison Official Steward
II Varner and others failure to respond to Inmates Egbuonus'
numerous complaints for his safety nor provide or make available
protective safety gears, Inmate Egbuonu filed a complaint to the
Occupational Safety and Health Administration ("OSHA").   Exhibits
25, 26, 30.

Moreso, everytime Inmate Egbuonu complained about his hand
and finger discoloration, skin irritation itchy hardening tenure,
pains and suffering, burns and request for protective safety gears;
hand wash gloves and hot-water resistant shoes, Prison Official
Steward II Varner told Inmate Egbuonu that:  1) the kitchen has
no funds to buy and provide kitchen pots and pans hand wash inmate

6

workers with protective safety gears, and advised Inmate Egbuonu
to complain to the Prison Official Warden's office;  2) the reason
why the  kitchen is not providing inmate workers with hand washing
gloves was that the gloves are very expensive and the pots and
pans always cut through the elbow length gloves within a week and
damage the elbow length gloves, based on that a decision was made
prior to Inmate Egbuonu arrival to Kilby Correctional Facility
not to buy the elbow length gloves nor provide the same to inmate
workers;  3) another reason was that inmate workers always stole
the elbow length gloves and used or sold the same to another
inmates for gym working out purposes; and 4) the Alabama Depart-
ment of Corrections are on budget cut now.   Prison Official
Steward II Varner further promised Inmate Egbuonu that if the
Warden and or Assistant Warden provided him with additional funds,
he will be happy to buy the elbow length gloves for pots and pans
hand wash inmate workers.

     At no time were sanctions, citations, disciplinary actions
issued to Inmate Egbuonu by Prison Official Steward II Varner and
others for:  1) failure to follow direct Prison Official order;
2) failure to follow safety or sanitation regulation orders;
3) filing any false allegations against Prison Official; 4) fail-
ure to follow direct safety order procedure; 5) violating of any
Alabama Department of Corrections Administrative Regulation.
Exhibits 7, 8, 13, 14, 15, 19, 20, 24.              I n m a t e
E g b u o n u submits that his evidences is not only believable
prior to discovery, but compelling that Prison Official Steward
II Varner and others were aware, had actual knowledge of danger

7

Varner

in the kitchen pots and pans hand wash tasks but Prison Official Steward II Varner totally recklessly disregarded to provide Inmate Egbuonu with protective safety gears or protect Inmate Egbuonu from unreasonale risk and Prison Official Steward II varner acted with deliberate indifference by exposing Inmate Egbuonu to unreasonable risk damage to his health and that as a result of Prison Official Steward Varner actions and inactions, Inmate Egbuonu has suffered hot-water torture, sharp severe pains, emotional distress, skin irritation hardening itchy tenure, suffering, permanent finger discoloration.   Prison Official Steward Varner totally disregarded his duties under Alabama Department of Corrections Administrative Regulation, State and Federal laws and regulations, and the constitution of the United States as with respect to this claim.

Inmate Egbuonu now re-alleges and incorporates by references to the above mentioned and its attached exhibits and filed civil complaint and states that Prison Official Steward II Varner has violated Inmate Egbuonus' Eighth and Fourteenth Amendments constitutional rights, federal laws  and State laws and regulations respectively.   Prison Official Steward II Varner has worked together agreed with others to violate inmate Egbuonus' Eighth and Fourteenth Amendment Constitutional rights, State and Federal laws and regulations respectively in all manners.

*Egbuonu Zephyr*

Zephyrinus Egbuonu

Authorized by the Act of July 7, 1955, as amended, to administer oaths (18 USC 4004).

_____, Case Manager
(Name)

8

Varner

**State of Louisiana**

**Oakdale, Louisiana**

Sworn to and subscribed before me and under my hand official seal this the _30th_ day of January, 2008.

_Kathy Jordan_
**Notary Public**

My Commission expires: _at death_

9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ZEPHYRINUS EGBUONU,        *
#27041-265
        Plaintiff,               *

        v.                       *          2:07-CV-685-ID

KITCHEN STEWARD WILLIAM,   *
et al.,
        Defendants.              *

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said parish  and State of Louisiana at large, personally Zephyrinus Egbuonu, who being know to me and being by me first duly sworn, deposes any says on oath as follows:

My name is Zephyrinus Egbuonu, I am presently an immigration civil detainee at the Federal Detention Center in Oakdale, Louisiana and a former inmate of the Kilby Correctional Facility, Mount Meigs, Alabama.  I am over ninteen (19) years of age.

Kilby Correctional Facility is a Alabama Department of Corrections System, and prisoner in Kilby Correctional Facility and every prisoner in the Alabama Department of Corrections are required to work as well as Inmate Egbuonu.

The Prison Officials supervising Inmate Egbuonu have a constitutional obligation to take reasonable measures to guarantee inmates' safety as well as Inmate Egbuonus' safety and Inmate Egbuonus' concern of unreasonable risk damage to his health.

# EXHIBIT 5

Prison Official **Deputy Warden W. G. Rowell** knew about:
1) the new custom policy used by Kilby Correctional Facility Kit-
chen Stewards to compel kitchen inmate workers to perform hot
greasy pots and pans hand wash under over heated hot water mixed
with detergent chemical subsatnces in absence of protective safety
gears;  2) the Kitchen Stewards perpetually impose hot water tor-
ture, cruel and unusual punishment, inhuman or degrading treatment,
infliction of sharp severe pains and suffering and harm against
inmate worker like Inmate Egbuonu and did nothing to correct the
unsafe exposure in absence of protective safety gears;  3) the
Prison Official Kitchen Steward and others' conducts of exposing
inmate workers including Inmate Egbuonu to unsafe work hostile
environment in absence of safety gears and facilitate their con-
ducts, approve it, condone it and turn blind eye for fear of what
he might see in other words act either knowingly or with deliberate
reckless indifference.  Exhibits 13, 14, 15, 19, 20, 24.

Inmate Egbuonu has repeatedly filed numerous complaints about
the existing kitchen safety and health hazards which Inmate Egbuonu
was compelled to perform in absence of protective safety gears,
however  Prison Official Deputy Warden Rowell did not respond to
Inmate Egbuonus' complaints nor provide Inmate Egbuonu a reason-
able reason for not responding or intervening to serious safety
and health risk complaints that Inmate Egbuonu sent to him for
protection.   Prison Official Deputy Warden Rowell also refused
to accept his United States Postal Service certified mails sent to
him by Inmate Egbuonu which contains additional safety safety
complaints.  Exhibits 17, 18, 19, 21, 23, 27, 28.

2

Prison Official Deputy Warden Rowell and his subordinates' actions and inactions caused the delays of over thirteen days to inform Inmate Egbuonu to "talk to the steward" which in turn deny Inmate Egbuonu request for protective safety gears despite Inmate Egbuonus' numerous complaints for safety. Exhibits 13, 14, 15, 17, 18, 19, 20, 21, 22, 24, 27, 28.    Inmate Egbuonu has suffered under the Prison Official Deputy Warden Rowell supervision as with respect to this claim.

At no time: 1) elbow length Neoprene glove nor hot water resistant shoe was provided or made available to Inmate Egbuonu at the time this event took places; 2) Inmate Egbuonu was train or explain by the Prison Official Stewards  and others on how much yellow and white powder detergent chemical subsatnces to use and mix with water;  3) Prison Official Chief Steward Warren provided Inmate Egbuonu or made available hand washing gloves and hot water resistant shoes to Inmate Egbuonu to wear to perform the kitchen hot greasy pots and pans handing washing under the over heated hot water mixed with detergent chemical substances;  and 4) Prison Official Chief Steward Warren personally monitored the use of the detergent in the First Shift, when in fact Prison Official Chief Steward Warren was absent from work for several months and upon his return to work still did not monitor the use of the detergent chemical subsatnce by inmate workers nor provide or made available hand washing gloves and hot water resistant shoe for Inmate Egbuonu. Moreso, at no time  has Inmate Egbuonu refused to follow any staffs' instruction on how to mix the detergent chemical substances with water nor ignore any instructions in attempt to

3

be removed from working on pots and pans tasks and from working in
in the kitchen.    Exhibits 7, 8, 9, 10, 11, 12, 13, 14, 15, 19, 20,
24.

Inmate Egbuonu was trained by the extra duty inmate workers
who was hand washing the kitchen hot greasy pots and pans in
absence of protective safety gears at the time Inmate Egbuonu was
assigned to the kitchen pots and pans hand washing.  Moreso, Inmate
Egbuonu has perform his assigned duty satisfactory that the Prison
Official Kitchen Stewards Varner and Williams still owe Inmate
Egbuonu extra days off from work.

Prison Official Stewards provide Inmate Egbuonu with brown
bags which contains the highly concentrated commercial industrial
detergent chemical substances to use in performing the assigned
pots and pans hand wash in absence of protective safety gears.  The
brown bags has no label and Inmate Egbuonu had no way of knowing
what type of detergent chemical substances he was being exposed.
Inmate Egbuonu had made request for Prision Official Stewards pro-
vide him with content of the detergent chemical substances that
caused harm to him, however Inmate Egbuonu did not receive a
respond.  Prison Official          Rowell has no policy and inform-
ation inplace for Inmate Egbuonu to know what types of detergent
chemical substances he was being exposed to and the safety precaut-
ions to follow to protect his health.    Prison Official Chief Ste-
ward Warren in his filed affidavit has declared that one of the
chemical substance given the pots and pans hand wash inmate workers
contained bleach; see Prison Official Defendants Exhibit 5 page 2,
however bleach will not be considered as "all purpose manual deter-
gent;" see Prison Official Defendants Exhibit 6, so as may other

4

detergent chemical substance given to inmate workers including
Inmate Egbuonu.

Prison Official Deputy Warden Rowell submitted of "all pur-
pose manual detergent" with his filed affidavit is incorrect and
inaccurate and Inmate Egbuonu object to it on basis as such that:
1) the Court have no way of knowing what chemical subsatnces have
the label of "all purpose manual detergent."; 2) the bleach is not
"all purpose manual detergent."; and 3) document submitted before
the Court lacks completeness, and moreso Prison Official Deputy
Warden Rowell has failed to be truthful in his affidavit with res-
ponse answer and reports. see Prison Official Defendants Exhibit
6.

Prison Official Deputy Rowell was aware and possessed know-
ledge: 1) that no elbow gloves nor hot-water resistant shoe was
provided or made available to Inmate Egbuonu to wear to perform
the pots and pans hand wash; 2) of the kitchen stewards and others
new custom policy of hot-water torture; compel inmates and inmate
workers to hand wash wash hot greasy pots and pans under over
heated hot water mixed with highly concentrated commercial indust-
rial yellow and white powder detergent chemical substances in
absence of hand wash gloves and other protective safety gears;
3) that the kitchen stewards and others have compelled Inmate
Egbuonu to hand wash hot greasy pots and pans under the required
over heated hot water mixed with yellow and white powder detergent
in absence of safety gears, but Prison Official Deputy Rowell tot-
ally and recklessly disregarded and acted with deliberate indiffer-
ence and did nothing to correct deficit and failed to: a) fashion

a policy addressing Plaintiff exposure to unsafe work environment in absence of safety gears;  b) failed to make a good faith effort to implement or enforce the safety policy or safety regulation rules: c) failed to protect Inmate Egbuonu from being exposed to unreasonable risk to his health and future damage; d) failed to respond to Inmate Egbuonu numerous complaints requesting for protective safety gears.  Exhibits 8, 13, 14, 15, 19, 20, 24.

Inmate Egbuonu was not free from cruel and unusual punishment, safety and health hazards were detected, Prison Official Deputy Warden Rowell was notified and proper informed but Prison Official Deputy Warden Rowell did nothing to correct and protect Inmate Egbuonu.  At no time was protective safety gears were provided or made available to Inmate Egbuonu to wear to perform the unsafe tasks in the unsafe kitchen work environment.

Prison Official Deputy Warden Rowell did not have interest of inmate workers' safety and or protecting Inmate Egbuonu from the Kitchen safety and health hazard risks.   Prison Official Deputy Warden Rowell recklessly disregard that safety and safety precaution is to prevent the first accident from occurring and: 1)perpetually failed to apply and enforce safety rules and safety precautions and due process pursuant to Alabama Department of Corrections ("ALDOC ") Administrative Regulation ("AR") as respect to safety; 2) perpetually failed to respond to Inmate Egbuonus' complaint for safety and protection;  3) failed to train his subordinates to and protect Inmate Egbuonu from performing unsafe kitchen pots and pans hand wash in the absence of protective safety gears; 4) failed to supervise his subordinates and train his supervisors in respect of safety and due process, and as a result Inmate Egbuonu has suffered

6

under Prison Official Deputy Warden Rowell supervision for several
months despite Inmate Egbuonus' repeated complaint concerning his
safety and request for protective safety gears to wear in perform-
ing unsafe hot greasy pots and pans hand wash, which Prison Offi-
cial Deputy Warden Rowell did nothing to protect Inmate Egbuonu
from being exposed to unreasonable risk to his health and future
damage.

Prison Official Deputy Warden Rowell and others in filed
affidavits ignore and recklessly disregard submitting Inmate Egb-
uonus' potential medical nor incident reports or documents for
the truth of the matter at stake, has failed to submit: 1) Inmate
Egbuonus' finger cut injury incident of 05/11/06 which Prison Off-
icial Steward Williams admitted on his filed affidavit that he in-
structed Inmate Egbuonu to report to the medical unit; Exhibit 1
page 2; 2) Inmate Egbuonus' numerouslcomplaints of his hands,
fingers, arms cuts and scratches in absence of protective safety
gears; 3) Inmate Egbuonus' foot callous and its complaints;
4) other inmate workers injuries as with respect to pots and pans
hand wash in absence of protective safety gears, which would have
states otherwise.

Prison Official Deputy Warden Rowell submitted document of
"law library schedule" with his filed affidavit is unauthenicate
on basis the law library schedule was neither dated nor signed by
the author, at such failed to establish when it was made.  See
Prison Official Defendants' Exhibit 6.   Moreso, Inmate Egbuonu
has filed complaints requesting for: 1) current law library sch-
edule opening hours;  2) adequate access to ingress and egress
to laws library, however Prison Official Deputy Rowell did not

7

response to Inmate Egbuonus' complaints.   Prison Official Deputy
Warden Rowell uses the Kilby Correctional Facility law library
for showcase and meeting and visiting, and is not for inmate to
spend adequate time to research and commence their pleading to
the Courts.   Exhibits 17, 18, 21, 22.

The Existing law library rule at the time of event required
every inmates to sign-in to ingress the law library once a day,
the rule did not required inmates to sign-out to egress the law
library, therefore if an inmates ingress to law library  for two
(2) minutes prior to "Gate 3 Prison Officials" close the law lib-
rary, that 2 minutes spend would be count as one (1) day.   There-
fore, Prison Official Deputy Warden Rowell statement in his filed
affidavit that Inmate Egbuonu visited the law library 172 days
from October 2005 to July 31, 2006 has failed to address the issue
Inmate Egbuonu complained of and has failed to establish what he
meant by 172 days on the basis whether the actually time Inmate
Egbuonu spend in the law library was 172 minutes or 172 hours from
October 2005 to July 31, 2006.   Prison Official Deputy Warden
Rowell on his filed affidavit stated that 2nd Shift kitchen work
hour is 10 AM to 6 PM; see Prison Official Defendants Exhibit 6.
Prison Official Chief Steward Warren required 2nd Shift Kitchen
inmate workers to report to the kitchen an hour (1) or an hour and
half (1.5) early to get ready to serve the inmate general popula-
tion.   Exhibits 10, 11, 12.   The inmate law library open Monday
to Friday from 8 AM to 4 PM and on Saturday 3 PM to 6 PM; Prison
Official Defendants' Exhibit 6.    Prison Officials at "Gate 3" de-
nied inmates access  to ingress and egress to the law library

8

during the morning hours in part prior to launch.   Exhibits 17,
18, 21, 22.    The 2nd Shift kitchen inmate workers:  1) have no
ample access to the law library; and  2) are being denied their
constitutionally protected rights of access to the court.

Prison Official Deputy Rowell was aware, possessed knowledge
that 2nd Shift kitchen inmate workers are being denied access to
law library, but again totally and recklessly disregarded and
acted with deliberate indifference when he failed to respond to
Inmate Egbuonu filed complaints or take actions to correct the
inadequate access deficit.

Inmate Egbuonu has never failed to follow the training in-
structions, institutional rules and regulations and safety guide-
lines given to him by the Prison Official Stewards and others,
otherwise Inmate Egbuonu would have receive a sanctions, citations,
and disciplinary actions pursuant to Alabama Department of Correct-
ions Administrative Regulation Number 403 major rule violations
but Inmate Egbuonu has never violated any of ALDOC rules and reg-
ulations and Prison Official Deputy Warden Rowell and others have
not stated otherwise or prove the same.    Exhibits 7, 8, and see
Prison Official Defendants' Exhibit 2.

At no time were sanctions, citations, disciplinary actions
issued to Inmate Egbuonu by Prison Official Deputy Warden Rowell
and others for:  1) filing any false statement or complaint for
protective safety gears;  2) intentionally creating an unsafety
or health hazard in the kitchen;  3) failure to follow direct
Prison Official Order;  4) failure to follow direct safety order
instruction and procedure;  5) filing any false allegations against

9

Prison Official;  6) failure to follow safety or sanitation reg-
ulation in the kitchen;  7) violating of any ALDOC Administrative
regulation Number 403 major rule violations No. 38, 41-49, 50, 54,
56-57, 59-60, 62-63, 68-69, 72, 78, 86, 91-94, E8-E9.  Exhibits
7, 8, 13, 14, 15, 19, 20, 24.

Inmate Egbuonu states his evidences is not only believable
prior to discovery, but compelling that Prison Official Deputy War-
den Rowell and others were aware, had actual knowledge of danger
in the kitchen pots and pans hand wash tasks but Prison Official
Deputy Warden totally and recklessly disregarded to respond to
Inmate Egbuonu safety complaints request, failed to enforce and
provide Inmate Egbuonu with protective safety gears or protect
Inmate Egbuonu from unreasonable risks and acted with deliberate
indifference by allowing and exposing Inmate Egbuonu to unreason-
able risk damage to his health and that as a result of Prison Off-
icial Deputy Warden Rowell actions and inactions, Inmate Egbuonu
has suffered hot water torture, sharp severe pains, emotional dis-
tress, skin irritation hardening itchy tenure, suffering, permanent
finger discoloration.   Prison Official Deputy Warden Rowell tot-
ally disregarded his duties under ALDOC AR, State and Federal laws
and regulations and the Constitution of the United States as with
respect of this Inmate Egbuonus' complaints.

Inmate Egbuonu now re-alleges and incorporates by references
to the above mentioned and its attached exhibits and filed civil
complaint and states that Prison Official Deputy Warden Rowell has
violated ALDOC regulation, Inmate Egbuonu's Eighth and Fourteenth
Amendment Constitutional rights, Federal laws and State laws and

and regulations respectively.   Prison Official Deputy Warden
Rowell has worked together agreed with other to form a new custom
policy and violate Inmate Egbuonus' Eighth and Fourteenth Amendment
Constitutional rights, State and Federal laws and regulations res-
pectively in all manners.


*Egbuonu Zephyr*

**Zephyrinus Egbuonu**


State of Louisiana

Oakdale, Louisiana

        Sworn to and subscribed before me and under my hand official
seal this the 30th day of January, 2008.


*Kathy Jordan*

Notary Public

My Commission expires: *at death*


Authorized by the Act of
July 7, 1955, as amended, to
administer oaths (18 USC 4004).

_____, Case Manager
(Name)

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ZEPHYRINUS EGBUONU,          *
#27041-265
     Plaintiff,                *

    v.                            *          2:07-CV-685-ID

KITCHEN STEWARD WILLIAM,     *
*et al.*,
     Defendants.               *

---

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said parish  and State of Louisiana at large, personally Zephyrinus Egbuonu, who being know to me and being by me first duly sworn, deposes any says on oath as follows:

My name is Zephyrinus Egbuonu, I am presently an immigration civil detainee at the Federal Detention Center in Oakdale, Louisiana and a former inmate of the Kilby Correctional Facility, Mount Meigs, Alabama.  I am over nineteen (19) years of age.

Kilby Correctional Facility is a Alabama Department of Corrections System, and prisoner in Kilby Correctional Facility and every prisoner in the Alabama Department of Corrections are required to work as well as Inmate Egbuonu.

The Prison Officials supervising Inmate Egbuonu have a constitutional obligation to take reasonable measures to guarantee inmates' safety as well as Inmate Egbuonus' safety and Inmate Egbuonus' concern of unreasonable risk damage to his health.

**EXHIBIT 6**

Prison Official **Chief Steward Michael Warren** did change Inmate Egbuonus' 2nd Shift line server to 1st Shift line server task which was later changed to kitchen pots and pans hand wash tasks.

Upon Inmate Egbuonu request for train and protective safety gears; elbow hand wash wash gloves and hot-water resistant shoes, Prison Official Steward Warren promised Inmate Egbuonu that he would train and provide him with the protective safety gears. However, the Prison Official  Chief Steward Warren: 1) did not not train Inmate Egbuonu nor provided him with the protective safety gears prior to his several months off from work; 2) did not arrange for Inmate Egbuonu to be train or to be provide with protective safety gears when he was absent from work;  3) did not instruct nor train Inmate Egbuonu in his assigned pots and pans hand wash responsibilities and duties as necessary to insure that public health  requirements are met regarding safety, sanitation and the preparation of food.  Inmate Egbuonu was trained by the extra duty  inmate workers who was hand washing the kitchen hot greasy pots and pans in absence of protective safety gears at the time Inmate Egbuonu was assigned to the Kitchen pots and pans hand washing.

Inmate had repeatedly filed several complaints complaining about the dangerous, unsafe and health hazard problem that existed in the kitchen pots and pans hand wash area which Prison Official Chief Steward Warren and others  compelled him to perform an unsafe tasks; hot-greasy pots and pans hand wash under over heated hot-water mixed with highly concentrated commercial industrial

2

yellow and white powder detergent chemical substances for over six
(6) months in absence of safety gears.   Inmate Egbuonu did not
receive a response of his complaints requesting for protective
safety gears from Prison Official Chief Steward Warren nor his
numerous complaints about the unsafe and health hazard problems
that needed to be corrected or protective safety gears provided to
him.   Prison Official Chief Steward Warren did nothing to correct
the existing situations Inmate Egbuonu complained of after rece-
iving Inmate Egbuonus' numerous complaints.   Exhibits 13, 14, 15,
19, 20, 24.

     The KIlby Correctional Facility States' shoe provided to
Inmate Egbuonu was not a hot-water resistant shoe and at no time
was Inmate Egbuonu provided with hot-water resistant shoes nor
workable boot by Prison Official Chief Steward Warren.   The rem-
aining 12 inch heat resistant boots in the kitchen pots  and pans
area at the time of this event: 1) did not fit Inmate Egbuonus'
foot;  2) had been worn beyond the point of usage.  Upon Inmate
Egbuonu boot complaints to Prison Official Chief Steward Warren,
Chief Steward Warren promised Inmate Egbuonu that he will provide
him with a 12 inch heat resistant boots.   However, Prison Official
Chief Steward Warren and others did not provide Inmate Egbuonu
with the same despite Inmate Egbuonu's numerous request and
his injury incident of 06/01/06 which the laundry States' shoe
given to Inmate Egbuonu failed to prevent the hot-water leaks into
Inmate Egbuonu States' shoe.   Again, Prison Official Chief Ste-
ward Warren and others have failed to mark nor label the bucket
with hole  to protect inmate worker from over heated hot water

3

leaks.  See Prison Official Defendants' Exhibit 6 and its Emergen-
cy Medical Chart report.

Inmate Egbuonu was not free from hot-water torture, cruel
and unusual punishment, safety and health hazards were detected,
Prison Official Chief Steward Warren was notified and proper in-
formed but Prison Official Chief Steward Warren did nothing to
correct it and protect Inmate Egbuonu.

Prison Official Chief Steward Warren did not have interest
of inmate workers' safety and or protecting Inmate Egbuonu from
the kitchen safety and health hazard risks.   Prison Official
Chief Steward Warren totally and recklessly disregard that safety
and safety precaution is to prevent the first accident for occurr-
ing and : 1) perpetually failed to apply and enforce safety rules
and precautions, and due process pursuant to ALDOC AR as respect
to safety;  2) perpetually failed to respond to Inmate Egbuonus'
complaints for safety and protection;  3) failed to train his sub-
ordinates to, and protect Inmate Egbuonu fromperforming unsafe
kitchen pots and pans hand wash in the absence of protective safe-
ty gears;  4) failed to supervise his subordinates  and his super-
visors in respects of safety and due process, and as a result of
Inmate Egbuonu has suffered under the Prison Official Chief Ste-
ward Warren supervision for several months  despite Inmate
Egbuonus' repeated complaints concerning his safety and request
for protective safety gears to wear in performing unsafe hot
greasy pots and pans hand wash, which Prison Official Chief Ste-
ward Warren did nothing to protect Inmate Egbuonu from being exp-
osed to unreasonable risk to his health and future damage.

4

Moreso, Prison Official Chief Steward Warren in filed affidavit has not shown that he has an interest in the kitchen safety, sanitation and protection of inmate workers from unreasonable risk when he failed to support his filed affidavit nor submit evidence to establish that protective safety gears wre provided to Inmate Egbuonu or proof that his actions and or inactions with respect to Inmate Egbuonu complaints were consistent with the ALDOC AR. Prison Official Chief Steward Warren filed affidavit is in contrary to the ALDOC ARN 403, in fact Prison Official Chief Steward Warren has failed to abide by the ALDOC ARN 403 and as a result of Prison Official Chief Steward Warrens' failure, Inmate Egbuonu suffered.

At no time did Prison Official Chief Steward Warren and others: 1) provided nor made available elbow length gloves to Inmate Egbuonu and other inmate workers to wear to perform the kitchen pots and pans hand wash at the time this event took place; 2) provided nor make availabale hot-water resistant shoes for Inmate Egbuonu to wear to perform  the kitchen pots and pans hand wash tasks  at the time this event took place;  3) instructed Inmate Egbuonu and other pots and pans 1st Shift inmate workers to wear elbow length gloves that Prison Official Chief Steward Warren has never provide nor made available or respond  to Inmate Egbuonu numerous complaints requesting for protective safety gears. Prison Official Chief Steward Warren has refused to respond and recklessly disregard Inmate Egbuonus' numerous complaints for protective safety gears and precaution requests.   Exhibits 8, 13, 14, 15, 19, 20, 24.   As a result of Prison Official Chief Steward Warren

5

and others' actions/inactions,  Inmate Egbuonu notified Occupat-
ional Safety and Health Administration ("OSHA").   Exhibits 25, 26,
29.

At no time: 1) was a red milk crate sitting next to the pot
sink nor red milk crate contain elbow length Neoprene gloves  sit-
ting next to the pot sink in the kitchen; 2) did Prison Official
Chief Steward Warren took Inmate Egbuonu over the pots and pans
area and asked Inmate Egbuonu why was he not waring the safety
gloves which were laying in a red milk crate sitting next to the
pot sink;  3) did Prison Official Chief Steward Warren respond to
Inmate Egbuonus' numerous complaints requesting for safety or pro-
vide a reasonable reason for not not responding to serious safety
and health risk complaints sent to him.  Prison Official Chief
Steward has failed to provide Inmate Egbuonu with protective safe-
ty gloves or protect him from unreasonable risks and damage to his
health.

At no time Inmate Egbuonu was "intentionally doing this" as
alleged by Prison Official Chief Steward Warren on his filed affi-
davit; Prison Official Defendant Exhibit 5 page 2.  Inmate Egbuonu
has never receive any citations sanctions, disciplinary actions
for violation of ALDOC ARN 403 major rule violation which includ-
es:  1) failure to obey a direct order of ALDOC Official;  2) in-
tentionally creating a security, safety, or health hazard.  Prison
Official Chief Steward Warren not only violated ALDOC AR, he com-
pelled Inmate Egbuonu to perform unsafe tasks; hot greasy pots
and pans hand washing under over heated hot-water mixed with de-
tergent chemical substance in absence of safety gears in an unsafe
hostile work environment for over six (6) months which Inmate

6

Egbuonu experienced hot-water torture, burns, sharp severe pains, suffering, skin irritation itching tenure hardening, injuries and permanent fingers discoloration.

Inmate Egbuonu has never told Prison Official Chief Steward Warren that he did not want to be in the kitchen and did not see any four (4) or five pairs of Neoprene gloves ordered by the kitchen, moreso it was never given nor place at the pots and pans hand washing area for Inmate Egbuonu and other inmate workers to wear to perform the pots and pans hand washing at time this event took place, despite the numerous complaints filed by Inmate Egbuonu.  Exhibits 9, 10, 11, 12.

Prison Official Chief Steward Warren was aware and possessed knowledge:  1) that no elbow gloves nor hot water available to Inmate Egbuonu to wear to perform the pots and pans hand wash; 2)of the kitchen custom policy of hot water torture, then compel Inmate Egbuonu to hand wash hot greasy pots and pans under over heated greasy pots and pans under over over heated hot water mixed with highly concentrated commercial industrial yellow and white powder detergent chemical substances in absence of protective safety gears;  3) other Kitchen Stewards have compelled Inmate Egbuonu to hand wash wash hot greasy pots and pans under the required over heated hot water mixed with yellow and white powder detergent chemical substances in absence of safety gears, but Prison Official Chief Steward Warren totally and recklessly disregarded and acted with deliberate indifference and did nothing to correct the deficit, instead Prison Official Chief Steward Warren facilitated it, approved it, condoned it and turned a blind eye for fear

7

of what it might see, in other words acted knowingly with de-
liberate reckless indifference.    Exhibits 7, 8, 13, 14, 15, 19,
20, 24.

Prison Official Stewards including Chief Steward Warren in-
terst was to provide pots and pans hand wash inmate workers with
brown bags which contains the highly concentrated commercial ind-
ustrial detergent chemical substances to use in performing the
assigned pots and pans hand wash in absence of protective gears.
The brown bags has no label and Inmate Egbuonu had no way of know-
ing what type of detergent chemical subsatnces he was being expo-
sed.    Inmate Egbuonu had made requests for Prison Official Ste-
wards for the content of the detergent chemical substances that
caused harm to him, Inmate Egbuonu did not receive a respond.

Inmate Egbuonu by law was entitled to information upon req-
uest on any toxic substances with which he work or with which he
is likely to come in contact, as such the Prison Official Chief
Steward Warren did not provide Inmate Egbuonu and others such info-
rmations upon request.    Prison Official Deputy Warden Rowell on his
filed affidavit provides a "all purpose manual detergent" document
exhibit however, Prison Official Chief Steward Warren affidavit
states otherwise that inmate workers were given soap and bleach to
perform the pots and pans hand wash.    It is clearly establish both
of their statements  so are inconsistent and misleading on grounds
that bleach could not be consider as all purpose manual detergent
in the 21st Century.    See Prison Official Defendants Exhibits 5
and 6.    Prison Official Chief Steward Warren has never before:
1) asked Inmate Egbuonu  how much soap and or bleach was he suppose
to place in the over heated hot water;  2) explained to Inmate

8

Egbuonu how much soap and bleach he was suppose to use;   3) ment-
ioned 50-100 ppm to Inmate Egbuonu;   4) train Inmate on percentage
of detergent chemical substances to add to the over heated hot water
Inmate Egbuonu uses to perform the assigned tasks;   5) personally
monitored the use of the detergent in the 1st Shift and in fact
the Prison Official Chief Steward Warren was absent from work
for several months and upon his return to work still did not
monitor the use of the detergent chemical substances mixing ratio.
At present Inmate Egbuonu still lacks knowledge of the content of
detergent chemical substances which Prison Official Chief Steward
Warren and others compelled him to use to perform pots and pans
hand wash in absence of protective safety gears that caused his
fingers discoloration.    Prison Official Chief Steward Warren told
Inmate Egbuonu that his skin finger color will return back to
normal within couple of months after remove from perform the Kit-
chen pots and pans hand wash which did not happen, Inmate Egbuonu
still suffered from his permanent finger discoloration.

     Prison Official Chief Steward Warren ignore and recklessly
disregard submitting Inmate Egbuonus' potential incident reports
and complaint documents to the Court for the truth of the matter
at stake, has failed to submit:   1) Inmate Egbuonus' finger cut in-
juries;   2) Inmate Egbuonus' hands, fingers, arms burns, cuts and
scratches in absence of protective safety gears;   3) other inmate
workers' injuries as with respect of pots and pans hand wash in
absence of protective safety gears.    Moreso, Prison Official
Chief Steward Warren has failed to order or instruct Inmate Egbuonu
to go to Medical Unit as with respect to this complaint.

At no time did Prison Official Chief Steward Warren nor
Steward II Varner or Steward William contact the Shift Commander's
Office for permission to send Inmate Egbuonu to Medical Unit
despite Inmate Egbuonus' numerous complaints for his safety and
health hazards that existed in the kitchen which affected his hands
and fingers.   Inmate Egbuonu was compelled and exposed to hand
wash pots and pans in hot water mixed with highly concentrated det-
ergents in absence of protective safety gears for over six (6)
months,  Prison Official Chief Steward Warren: 1) did nothing to
provide Inmate protective safety  gears; 2) failed to fashion a
policy  addressing pots and pans hand wash inmate workers exposure
to over heated hot water mixed with detergent chemical substances
in absence of protective safety gears; 3) failed to make a good
faith effort to implement or enforce the safety regulation rules;
4) failed to protect to Inmate Egbuonu from being to unreasonable
risk to his health and future damage; 5) failed to respond to
Inmate Egbuonu's numerous complaints requesting for protective
safety gears.   Exhibits 8, 13, 14, 15, 19, 20, 24.   Moreso,
Prison Official Chief Steward Warren has failed to supervise and
train his Kitchen Stewards on due process safety precaution and
hazardous warning labels and as a result of his failure to train
and supervise  and correct his Kitchen  Stewards of the same and
use of abusive words against inmate workers that he was aware and
possessed knowledge but recklessly disregarded resulted in Prison
Official Stewards compelled Inmate Egbuonu to unsafe work hostile
environment in absence of protective safety gears and made state-
ments calling Inmate Egbuonu a "knucklehead" and was made with act-
ual malice, that is, hatred, ill will or enmity or a wanton desire

10

to injure and their statements were false has caused Inmate Egbuonu
to suffer tangible injury and defamation.

Inmate Egbuonu has never failed to follow the any training
instructions when offer, institutional rules and regulations and
safety guidelines given to him by the Kitchen Stewards otherwise
Inmate Egbuonu would have receive a sanctions, citations and disci-
plinary actions pursuant to ALDOC ARN 403 major rule violation but
Inmate Egbuonu has never violated any ALDOC rules and regulations.
Exhibits 7, 8 and See Prison Official Defendants' Exhibit 2.

At no time were sanctions, citations and disciplinary actions
issued to Inmate Egbuonu by Prison Official Chief Steward Warren
and others for:  1) filing any false statement or complaint for
protective safety gears;  2) intentionally creating an unsafety
or health hazard in the  kitchen;  3) failure to follow direct
Prison  Official order;  4) failure to follow direct safety order
instruction and procedure;  5) filing any false allegations against
Prison Official;  6) failure to follow safety or sanitation regul-
ation in the Kitchen;  violating of any ALDOC ARN 403 major major
rules violation No. 38, 41-49, 50, 54, 56-57, 59-60, 62-63, 68-69,
72, 78, 86, 91-94, E8-E9, and others ALDOC AR rules.   Exhibits 7,
8, 13, 14, 15, 19, 20, 24.

Inmate Egbuonu states his evidence before this Court is not
only believable prior to discovery, but compelling that Prison
Official Chief Steward Warren and others were aware, had actual
knowledge of danger in the kitchen pots and pans hand wash tasks
in absence of protective safety gears for six (6) months but Prison
Official Chief Steward Warren totally and recklessly disregarded

11

to respond to Inmate Egbuonu safety complaints request, failed to enforce providing Inmate Egbuonu with protective safety gears or protect Inmate Egbuonu from unreasonable risks, free from a hostile work environment, and acted with deliberate indifference by allowing and exposed Inmate Egbuonu to unreasonable risk damage to his health and that as a result of Prison Official Chief. Steward Warren actions and inactions, Inmate Egbuonu has suffered hot-water torture, sharp severe pains, emotional distress, skin irritation hardening itchy tenure, suffering, permanent finger discoloration. Prison Official Chief Steward Warren totally disregarded his duties under ALDOC AR; State and Federal laws and regulations and the constitution of the United States as with respect to this Inmate Egbuonu complaints.    Exhibits 8, 13, 14, 15, 19, 20, 24, 25, 26, 29.

Inmate Egbuonu now re-alleges and incorporates by references to the above mentioned and its attached exhibits and filed civil complaint and states that Prison Official Chief Steward Warren has violated ALDOC regulation, Inmate Egbuonu's Eighth and Fourteenth Amendment Constitutional rights, Federal laws and State laws and regulations respectively.   Prison Official Chief Steward Warren has worked together agreed with other to form a custom policy and violate Inmate Egbuonus' Eighth and Fourteenth Amendment Constitutional rights, State and Federal laws and regulations respectively in all manners.

*Egbuonu Zephyr*

**Zephyrinus Egbuonu**

Authorized by the Act of
July 7, 1955, as amended, to
administer oaths (18 USC 4004).

12

, Case Manager
(Name)

**State of Louisiana**

**Oakdale, Louisiana**

Sworn to and subscribed before me and under my hand official seal this the 30 tl day of January, 2008.

_Kathy Jordan_
**Notary Public**

My Commission expires: _At death_

13

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ZEPHYRINUS EGBUONU, #27041-265 | * | |
| Plaintiff, | * | |
| v. | * | 2:07-CV-685-ID |
| KITCHEN STEWARD WILLIAM, *et al.*, | * | |
| Defendants. | * | |

## AFFIDAVIT

I, Zephyrinus Egbuonu, hereby certify and affirm that I currently an immigration civil detainee at the Federal Detention Center in Oakdale, Louisiana; that I am one of the custodians of the attached documents; that the attached documents are true, exact, and verbatim copy of the documents presented to and or received from the Alabama Department of Corrections prison officials; and that I am over the age of nineteen (19) years and competent to testify to the aforesaid documents and matters stated therein.

I further certify and affirm that said documents are maintainted and kept in accordance witht the provisions of records of regularly conducted activity and that said documents (and the entries therein) were made at, or reasonably near the time that such acts, events and transactions referred to therein are said to have occurred.

This, I do hereby certify and affirm to on the ___30th___ day of January, 2008

*Egbuonu Zephyr*
_____
**Zephyrinus Egbuonu**


Authorized by the Act of
July 7, 1955, as amended, to
administer oaths (18 USC 4004).

**State of Louisiana**

**Oakdale, Louisiana**

_____, Case Manager
(Name)

    Sworn to and subscribed before me and under my hand official seal this the _30th_ day of January, 2008.


_____
Notary Public


My Commission expires: _At death_

2

FEDERAL DETENTION CENTER
P. O. BOX 5010
OAKDALE, LOUISIANA 71463





UNITED STATES
POSTAL SERVICE

0000

36104

U.S. POSTAGE
PAID
GRAND PRAIRIE T
75052
FEB 12, 08
AMOUNT

**$2.50**
0005282I-0:

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURTS
CIVIL DIVISION
MIDDLE DISTRICT ALABAMA
15 LEE STREET
MONTGOMERY, ALABAMA 36104